688 So.2d 1166 (1996)
Jerry L. LAVESPERE, Jr., PlaintiffAppellant,
v.
Richard BRASHER, Defendant-Appellee.
No. 96-190.
Court of Appeal of Louisiana, Third Circuit.
October 9, 1996.
*1167 Jerry L. Lavespere Jr., Alexandria, Pro Se.
Charles Gregory Gravel, Alexandria, for Richard Brasher.
Before THIBODEAUX, COOKS and AMY, JJ.
THIBODEAUX, Judge.
In this appeal, Jerry L. Lavespere, Jr. entreats us to determine whether the district court erred in granting Richard Brasher's motions for summary judgment and sanctions. Brasher answers the appeal and asks that we grant an additional amount of attorney's fees for the work involved in defending this appeal. For the reasons which follow, we affirm the trial court's judgment and also grant Brasher's request.

FACTS
Lavespere sued Brasher and alleged the following:
1) At approximately 7:30 p.m. on March 1, 1994, Richard Brasherwhile intoxicatedappeared at Lavespere's Alexandria, Louisiana home;
2) Brasher entered Lavespere's home which was then occupied solely by Ms. Chase Cappel (Lavespere's fiancée) and Ms. Alaine Croom (Cappel's college friend)and proceeded upstairs to Lavespere's master bed and bathroom;
3) while in the master bathroom, Brasher pulled down his pants and exposed his *1168 penis to Croom who, at the time, was washing her hair in the bathroom sink;
4) Eric Wagonerconcerned about Croom's welfareforced his way into Lavespere's home, rushed to the master bedroom, and scuffled with Brasher;
5) Brasher eventually fled; however, the Wagoner-Brasher altercation caused minor damage to Lavespere's bathroom door and bedroom wall;
6) Brasher's conduct also caused Cappel to hyperventilate.
Lavespere sought to recover damages embracing the minimal property loss allegedly occasioned by Brasher's conduct, as well as the mental anguish Lavespere purportedly suffered on account of Brasher's "immoral and unjust act." Further, Lavespere petitioned the court to grant exemplary damages because Brasher was intoxicated when he committed this "immoral and unjust act." Finally, Lavespere sought damages to comprise the embarrassment plaintiff suffered in front of high ranking public officials and community friends on account of Brasher's "immoral and unjust act."
Brasher answered Lavespere's petition and alleged as follows: (1) both Cappel and Croom invited Brasher to Lavespere's home; (2) Brasher did not engage in any altercation with anyone in Lavespere's home and, therefore, did not damage Lavespere's bathroom door or bedroom wall; and, (3) Cappel's hyperventilating had nothing to do with Brasher's presence or activity. Further, Brasher alleged that Lavespere's petition was grounded neither in fact nor law, but was filed solely for the purpose of harassing defendant. Accordingly, Brasher asked that the court levy sanctions, including attorney's fees and reasonable expenses, against Lavespere under La.Code Civ.P. art. 863(D).
Brasher filed a motion for summary judgment and attached thereto Alaine Croom's affidavit, wherein Croom averred:
At some point, I went upstairs to Lavespere's bathroom to wash my hair. I went into his bathroom. Brasher came into the bathroom to use the restroom. While there, Wagoner came to the bathroom door and became upset because Brasher was using the restroom in front of me. As soon as he [Wagoner] became upset, he [Wagoner] and Brasher went downstairs and outside. At no point in time was there any physical contact between Brasher and Wagoner. At no point in time did either Brasher or Wagoner cause any damage to any property of Lavespere. In fact, there was never any physical contact by any party to any property of Lavespere. I was in the same room with both Wagoner and Brasher at all times.
For his part, Lavespere asked the court to levy sanctions against Brasher under La. Code Civ.P. art. 863(D).
On September 18, 1995, the district court heard arguments upon Brasher's summary judgment motion and each party's motion for sanctions. The court rendered favorable judgment to Brasher upon all motions. Not only was plaintiff's suit dismissed at Lavespere's cost, but the court also ordered Lavespere to pay Brasher $2,245.80 in sanctions as well as all costs incurred in hearing both sanction motions. Lavespere devolutively appeals the lower court's ruling and insists that summary judgment was improper since:
(a) Lavespere's emotional distress claim is a viable cause of action;
(b) Lavespere's property damage claim was proven to involve a genuine issue of material fact; and
(c) Lavespere has a viable cause of action for embarrassment damages.[1]
Lavespere further assigns error to the trial court's grant of Brasher's motion for sanctions.

LAW & DISCUSSION

This Case Warrants Summary Judgment
Appellate courts review summary judgments de novo using the same caliper that the district court used in determining whether summary judgment was appropriateviz., that based upon the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, *1169 if any, the movant has shown that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B).
Emotional Distress. Lavespere insists that because he suffered mental anguish and emotional distress on account of Brasher's immoral act that was not invited by Ms. Croom, Lavespere is entitled to recover damages. Indeed, La.Civ.Code art. 2315.6 permits certain individuals to recover damages for mental anguish suffered on account of another person's injury; however, these persons must:
1) view the event causing injury to the other person, or arrive on the accident scene soon after the event has occurred; and
2) be related to the injured person in one of several manners set forth by La.Civ. Code art. 2315.6(A)(1-5).
Lavespere fails each requirement because plaintiff was in Chicago when the event occurred and, likewise, plaintiff is not related to Croom in any manner provided under art. 2315.6(A)(1-5). Lavespere has failed to assert a cause of action under La.Civ.Code art. 2315.6. Summary judgment was proper.
Property Damage. Upon Lavespere's property damage claim, the district court explained:
Plaintiff prayed for damages for mental anguish, embarrassment, property damage, and punitive damages. In addressing the defendant's Motion for Sanctions, the Court finds no colorable cause of action in this case with the exception of the property damage which Lavespere admits to be de minimis, and even that is without factual support. The only evidence plaintiff offers is that upon returning from out of state, he noticed a mark on the wall of his home. All evidence introduced indicates Mr. Brasher was not involved in a physical altercation at the scene of the mark on the wall.
Despite plaintiff's bald petition assertions that Brasher and Wagoner scuffled within the master bedroom, the record reflects that no altercation ever occurred between Brasher and Wagoner. Alaine Croom's affidavit is but one example. When a summary judgment motion is made and supported by affidavits, the party opposing summary judgment may not rest upon the mere allegations or denials of her pleading, but her response must set forth specific facts showing that there is a genuine issue for trial. See La. Code Civ.P. art. 967. If the party opposing summary judgment does not so respond, summary judgment, if appropriate, shall be rendered against him. Id. Clearly, summary judgment was appropriately rendered upon Lavespere's property damage claim.
Embarrassment Damages. In brief, Lavespere explains that he "seeks a cause of action for the embarrassment" associated with the immoral act Brasher committed in Lavespere's home. In this manner, Lavespere recognizes that he has no cause of action upon an embarrassment theory. Yet, Lavespere utterly fails to articulate any good faith arguments for extending existing law. This assignment lacks merit and the trial court's grant of summary judgement was appropriate hereupon.

This Case Warrants Article 863 Sanctions
In pertinent part, La.Code Civ.P. art. 863 provides:
B. Pleadings need not be verified or accompanied by affidavit or certificate, except as otherwise provided by law, but the signature of an attorney or party shall constitute a certification by her that she has read the pleading; that to the best of her knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact; that it is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cots of litigation.
D. If, upon motion of any party or upon its own motion, the court determines that a certification has been made in violation of the provisions of this Article, the court shall impose upon the person who made the certification or the represented party, or both, an appropriate sanction which may include an order to pay to the other *1170 party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, including a reasonable attorney's fee.
Article 863 applies to the certification of pleadings, motions and other papers. It imposes a personal, nondelegable duty upon the signing attorney to make an objectively reasonable inquiry into the facts and the law; thereby, satisfying himself, upon application of his own judgment, that the pleading is factually and legally responsible. Subjective good faith will not satisfy the duty of reasonable inquiry. Bankston v. Alexandria Neurosurgical Clinic, 583 So.2d 1148 (La.App. 3 Cir.), writ denied, 589 So.2d 1066 (La.1991). In Murphy v. Boeing Petroleum Serv., Inc., 600 So.2d 823, 826 (1992), we explained that:
The district court must determine if the individual who has certified the document purported to be violative has complied with [the foregoing] affirmative duties. In determining a violation, the trial court should avoid using the wisdom of hindsight and should test the signer's conduct by inquiring what was reasonable to believe at the time the document was signed.

The standard of review by the appellate court is the "abuse of discretion," "manifestly erroneous" or "clearly wrong" criteria [sic] used in reviewing a trial court's factual findings.
Articles 863 [sanctions] ... are intended for only exceptional circumstances and are not to be used simply because parties disagree as to the correct resolution of a legal matter. Also, nothing in Article 863 ... empowers the district court to impose sanctions on a lawyer simply because a particular argument or ground for relief is subsequently found to be unjustified. Failure to prevail does not trigger a sanction award. The slightest justification for the exercise of a legal right precludes sanctions. (Emphasis ours) (citations omitted).
In reaching its conclusion to award Brasher sanctions, the district court observed:
This appears to be a vendetta by Lavespere to seek redress for the embarrassment he claims Brasher intended. There is no basis in law, and Lavespere's training as an attorney should have made this apparent. The manner of questioning and arguing in court demonstrated Lavespere's use of the proceedings as a public forum to embarrass the defendant. This was an improper use of court proceedings. (Emphasis ours).
We too find that the theories advanced in Lavespere's petition lacked even the slightest justification for the exercise of a legal right.[2] Lavespere failed to discharge his personal, nondelegable obligation to satisfy himself, by application of his own judgment, that his complaint was factually and legally responsible. We find no error. The trial court's sanction award is affirmed.

Brasher's Attorney's Fee Request Is Warranted
An appellee's request for increased attorney's fees is usually granted when:
1) the appellant appeals but obtains no relief;
2) the appeal requires more work from the appellee; and
3) the appellee requests such an increase in accordance with proper appellate procedure.
Stacks v. Mayflower Transit, Inc., 95-693 (La.App. 3 Cir. 11/02/95); 664 So.2d 566; George v. M & G Testing & Serv., Inc., 95-31 (La.App. 3 Cir. 07/19/95); 663 So.2d 79, writ denied, 96-0039 (La.03/08/96); 669 So.2d 403.
In the case at bar, Lavespere has unquestionably obtained no appellate relief; moreover, Brasher's increase request is procedurally appropriate. Our review of the additional work necessitated by this appeal reveals that a $2,000.00 attorney's fee award is warranted.

CONCLUSION
For the foregoing reasons, the trial court's grant of Brasher's motions for summary judgment and sanctions is affirmed. Likewise, *1171 Brasher's attorney's fee request is hereby granted in the amount of $2,000.00. Lavespere is cast for all costs of appeal. Lavespere's case reeks with frivolity and brings to mind the timeless adage: "An attorney who represents himself has a fool for a client."
AFFIRMED.
AMY, J., concurs in the result.
NOTES
[1] With good reason, Lavespere declined to fashion an error assignment involving his trial claim for punitive damages; therefore, we will not address this theory herein.
[2] Indeed, Lavespere's appellate brief reflects plaintiff's continuing attempts to embarrass Brasher.