| iTHIBODEAUX, Judge.
This suit involves the imposition of sanctions against the plaintiffs’ counsel due to the plaintiffs’ ambitious allegations of negligence and misconduct on the part of the defendants, Sue Martin and Hazel Standridge. After a hearing on the defendants’ motion for sanctions, the trial court assessed sanctions against the plaintiffs’ counsel, pursuant to La.Code Civ.P. art. 863.
Based on the following reasons, we reverse the trial court’s judgment.
Jjl-

ISSUE

We shall consider whether the trial court erred in granting the defendants’ motion for sanctions against the plaintiffs’ counsel, under La.Code Civ.P. art. 863, based on the allegations set forth in the plaintiffs’ petition and trial brief.
II.

FACTS

The focus of this appeal centers around the trial court’s assessment of sanctions against the plaintiffs’ counsel, Miles Matt. The present suit is a derivative of a principal action in which John and Henrietta Marks, on behalf of their daughter, K. M., brought suit against Lucy Sue Martin, Hazel Standridge, and Julius Jeansonne, as legal representative of his son, J. J., alleging damages for the tortious conduct of the defendants in their supervision of K.M. The factual circumstances of the principal claim have been fully recited in a prior opinion.[1] For purposes of this opinion, we shall recount only those facts which are pertinent to our review of this matter.
On December 16, 1994, upon the invitation of her friend, Dana Standridge, K.M. attended a party at the home of Sue Martin, Dana’s aunt. Sue Martin and Hazel Standridge, Dana’s mother, hosted and chaperoned the party. The party was attended by approximately twenty boys and girls ranging from ages thirteen to sixteen. At the conclusion of the party, some of the girls, including K. M., remained overnight for a slumber party.
At an unspecified time during the evening, K.M. and J.J. entered the bathroom on the downstairs floor of the house and engaged in *692 sexual intercourse. KjM.3 alleged that she repeatedly rejected J. J.’s sexual advances, but that she eventually grew tired of his advances and submitted to engaging in sexual intercourse with J.J.K.M. denied feeling threatened by J.J. and stated that she ultimately succumbed to his request because of his persistent advances. Neither Sue Martin nor Hazel Standridge was aware that this incident had occurred.
In January 1995, K.M. discovered she was pregnant and told her parents. Thereafter, John and Henrietta Marks, on behalf of their daughter, K. M., filed suit against Sue Martin, Hazel Standridge and Julius Jeansonne, as legal representative of his son, J.J. In their petition, the plaintiffs alleged the following:
(1) breach of agreement by Sue Martin and/or Hazel Standridge to watch over, supervise, care for, chaperone and/or promise to keep K.M. free from violation and/or harm;
(2) failure of Sue Martin and/or Hazel Standridge to properly and prudently exercise care, discipline, supervision, and/or control over invitees on the premises;
(3) failure of Sue Martin and/or Hazel Standridge to warn the Markses of the actual lack of care, discipline, supervision, and/or control in which they engaged over the invitees;
(4) failure of Sue Martin and/or Hazel Standridge to stop, prohibit and/or otherwise prevent J.J. from engaging in sexual misconduct, assault and battery of K. M.;
(5) J. J. forced and coerced K.M. to engage in sexual intercourse resulting in wrongful conception; and
(6) failure by J. J.’s father to exercise proper and prudent care, discipline, supervision and/or control over J. J.
They also alleged that K.M. enjoyed a healthy, loving, and traditional relationship with her parents. Furthermore, defendants Sue Martin and Hazel Standridge allowed an atmosphere of “unbridled permissiveness” to exist and J.J. physically coerced K.M. into one of the bathrooms in the Martin residence. On June 4, 1996, Hazel Standridge filed a Motion for Summary Judgment, asserting that she was entitled to judgment as a matter of law because there was no genuine issue of | material fact as to: 1) whether she had exercised reasonable care in the supervision of the party invitees; and 2) whether K.M. was a consenting participant in the sexual conduct between her and J.J. On June 19,1996, Sue Martin also filed a Motion for Summary Judgment, relying upon the same claims. The trial judge denied both motions, opining that adequate discovery had not yet been completed. Upon the completion of discovery, both Sue Martin and Hazel Standridge reurged their Motions for Summary Judgment. The trial judge granted the defendants’ motions and dismissed the plaintiffs’ claims against all defendants, including Julius Jeansonne. On appeal, this court reversed the judgment of the trial judge and remanded the suit to the trial court. We held that there were genuine issues of material fact as to: (1) whether the adult hosts had provided adequate supervision, and (2) whether the minor girl, K. M., had freely consented to engage sexual intercourse, thus negating the plaintiffs’ ability to sue the adult hosts for their alleged negligence. Doe v. Jeansonne, 97-795 (La.App. 3 Cir. 12/10/97); 704 So.2d 1240, writ denied, 98-0754, 98-0770 (La.5/8/98); 718 So.2d 434.
However, prior to the appeal and after the trial court’s dismissal of the plaintiffs’ claims, the defendants filed a motion seeking sanctions against the plaintiffs and their counsel pursuant to La.Code Civ.P. art. 863. On April 25,1997, after a hearing on the matter, the trial judge granted the defendants’ motion for sanctions and assessed sanctions against the plaintiffs’ counsel, Miles Matt. The trial judge determined that the plaintiffs’ suit had no factual or legal basis and that the plaintiffs’ counsel should have either refused to file or dismissed the suit upon discovering that the plaintiffs’ allegations were unfounded. From this adverse judgment, the plaintiffs and their counsel appeal.
_kIIL

LAW & DISCUSSION

The defendants argue that the plaintiffs’ counsel, Miles Matt, failed to conduct a *693 reasonable, objective inquiry into the facts of this suit, and that, in the plaintiffs’ original petition for damages, he asserted unsubstantiated allegations which lacked evidentiary support. The defendants further argue that,' after a reasonable period post-filing, the plaintiffs’ counsel had ample opportunity to modify the plaintiffs’ petition by either correcting or deleting the false allegations, but that he failed to amend the petition. Thus, in accordance with La.Code Civ.P. art. 863, the defendants assert, the plaintiffs’ attorney committed a sanctionable violation because the plaintiffs’ petition was not well grounded in fact and law.
To the contrary, the plaintiffs’ counsel contends that he was justified in filing the plaintiffs’ petition for damages and that the trial judge abused its discretion in levying sanctions against him, under La.Code Civ.P. art. 863. We agree.
In reviewing a trial cornet ruling in which attorney sanctions have been levied, Louisiana jurisprudence holds that the standard of review to be applied by an appellate court is the “abuse of discretion,” “manifest error,” or “clearly wrong” criterion. Murphy v. Boeing Petroleum Services, 600 So.2d 823 (La.App. 3 Cir.1992); see also Collins v. Ferrellgas, Inc., 96-810 (La.App. 3 Cir. 2/5/97); 689 So.2d 569; Lavespere v. Brasher, 96-190 (La.App. 3 Cir. 10/9/96); 688 So.2d 1166. Thus, an appellate court may not set aside a trial court’s imposition of sanctions, absent manifest error or an abuse of discretion.
In pertinent part, La.Code Civ.P. art. 863 provides:
B. Pleadings need not be verified or accompanied by affidavit or certificate, except as otherwise provided by law, but the signature of an attorney or party shall constitute a certification by him that he has read the pleading; that to the best of his | (¡knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact; that it is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.
D. If, upon motion of any party or upon its own motion, the court determines that a certification has been made in violation of the provisions of this Article, the court shall impose upon the person who made the certification or the represented party, or both, an appropriate sanction which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, including a reasonable attorney’s fee.
E. A sanction authorized in Paragraph D shall be imposed only after a hearing at which any party or his counsel may present any evidence or argument relevant to the issue of imposition of the sanction.
Upon the signing of a pleading, La. Code Civ.P. art. 863 “imposes a personal, nondelegable duty [and obligation] upon the signing attorney to make an objectively reasonable inquiry into the facts and law; thereby, satisfying himself, upon application of his own judgment, that the pleading is factually and legally responsible.” Lavespere, 688 So.2d at 1170; see also Murphy, 600 So.2d 823. Subjective good faith is not sufficient to satisfy the duty of reasonable inquiry. Id.
This court has held that the imposition of sanctions under Article 863 is intended for exceptional circumstances only and that sanctions should not be levied merely because of party disagreement as to the correct resolution of a legal matter. Lavespere, 688 So.2d 1166; Murphy, 600 So.2d 823; Dauzat v. Trinity Universal Ins. Co. of Kansas, 95-1235 (La.App. 3 Cir. 3/6/96); 670 So.2d 785. Similarly, we noted that a trial court should not impose sanctions on attorneys simply because a particular argument or ground for relief is subsequently found to be unjustified. Id. A party’s failure to prevail on his cause of action does not trigger a sanction award. Id. “The slightest justification for the exercise of a legal right precludes sanctions.” |7(emphasis added). Murphy, 600 So.2d at 827; see also Collins, 689 So.2d at 571; Lavespere, 688 So.2d at 1170; Dauzat, 670 So.2d at 791.
*694 Furthermore, in determining whether an attorney has violated Article 868, a trial court “should avoid using the wisdom of hindsight and should test the signer’s conduct by inquiring what was reasonable to believe at the time the document was signed.” Murphy, 600 So.2d at 826.
In this suit, we determine that, at their core, .the allegations urged in the plaintiffs’ petition find sufficient factual support in the record to militate against the imposition of sanctions. The factual grounds of this case provided the plaintiffs’ counsel with a reasonable basis for the filing of the plaintiffs’ claim and the subsequent delineation of the allegations in the plaintiffs’ petition. Though we admit that the plaintiffs’ counsel was quite creative and overzealous in his assertion of the allegations against the defendants, we find that the plaintiffs and their counsel had sufficient justification to pursue this cause of action and to exercise their legal rights against the defendants. See Murphy, 600 So.2d 823; see also Collins, 689 So.2d 569; Lavespere, 688 So.2d 1166; Dauzat, 670 So.2d 785.
The plaintiffs’ counsel made a good faith argument that, because of the type and manner of supervision exhibited by the defendants, there was a factual basis for an extension and/or modification of existing law as it relates to the supervision and care of a minor. The mere fact that the plaintiffs were unsuccessful with their cause of action at the trial court is not relevant to our analysis under La.Code Civ.P. art. 863, nor does it mean that their petition was so groundless as to be sanctionable.
Coincidentally, on the appeal of the principal action in this matter, this court reversed the trial court’s granting of the defendants’ motions for summary judgment, as well as its dismissal of the plaintiffs’ claims and remanded the suit to the trial court. We determined that genuine issues of material fact existed as to whether |8there was adequate adult supervision and whether the minor girl, K. M., consented to engage sexual intercourse. Such factual determinations are not indicative of a groundless or frivolous claim.
Moreover, upon our review of the record, we cannot say that the plaintiffs’ cause of action was pursued for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. We reason that the plaintiffs’ cause of action was warranted by a good faith argument for the possible extension, modification, or reversal of existing law with respect to the adult supervision of minors.
We conclude that, at the time he filed the plaintiffs’ petition, the plaintiffs’ attorney, Miles Matt, discharged his personal, nondele-gable obligation to satisfy himself that the plaintiffs’ petition was factually and legally responsible, as mandated by La.Code Civ.P. art. 863. We find that the trial court abused its discretion by levying sanctions against the plaintiffs’ attorney, Miles Matt.
IV.

CONCLUSION

Therefore, based on the foregoing reasons, the judgment of the trial court is reversed. All costs of this appeal are assessed against the defendants-appellees, Lucy Sue Martin and Hazel Standridge.
REVERSED.

. See Doe v. Jeansonne, 97-795 (La.App. 3 Cir. 12/10/97); 704 So.2d 1240, writ denied, 98-0754, 98-0770 (La.5/8/98); 718 So.2d 433, 434.