| THIBODEAUX, Judge.
In an action emanating from the Succession of Brian (Brien) K. Belt, Nicole Belt, wife of the decedent, filed a petition for a temporary restraining order and preliminary injunction against Bill and Tracy Belt, Michael Johnson, and James Smith requesting that these individuals be enjoined from exhuming, altering, cremating, viewing or tampering with the body of the decedent, Brian (Brien) K. Belt. Nicole Belt avers that the defendants were attempting to exhume and alter the decedent’s body for the purpose of concealing the true cause of his death.
In response to Nicole Belt’s petition, the defendants filed an exception of no cause of action, as well as a rule for sanctions and attorney fees. After a hearing on both the plaintiffs petition for a preliminary injunction and the defendants’ rule for sanctions, the trial judge denied the plaintiffs request for injunctive relief but levied sanctions and attorney fees against the plaintiff and her counsel. Subsequent to the 12aforementioned hearing, the plaintiff filed a motion to recuse the trial judge which was also denied.
On appeal, these separate suits, all of which are derivative actions from the succession proceedings of Brian (Brien) K. Belt, have been consolidated. Based on the following reasons, we affirm the judgment of the trial court.
I.

ISSUES

We shall consider:
1. whether the trial judge erred in levying sanctions against the plaintiff and her counsel, under La.Code Civ.P. art. 863, in the alleged absence of a sanction hearing;
2. whether the trial judge erred by imposing sanctions against the plaintiff and her counsel, under La.Code Civ.P. art. 863, in light of the motion filed by the plaintiff seeking the recusal of the trial judge after the completion of the hearing on the preliminary injunction; and,
3. whether, in denying the plaintiffs petition for injunctive relief, the trial judge erred in failing to consider the alleged fraudulent will of Brian (Brien) K. Belt and the supposed unusual circumstances surrounding his death and burial.
II.

FACTS

Brian (Brien) K. Belt died under mysterious circumstances on September 11, 1997 while on a business trip in New Orleans. On September 15, 1997, Bill Belt, father of the decedent, filed a Petition to Open Succession, a Petition to Probate decedent’s will, and a Petition for Confirmation as testamentary executor.
In a separate action filed on October 28, 1997, Nicole Belt, individually and on behalf of her minor son, Alec Colby Belt, filed a petition against Bill Belt, Tracy Belt (decedent’ step-mother), Michael Johnson, and James Smith seeking tojjannul all prior successions which were opened in favor of the decedent and to annul the decedent’s last will and testament, dated July 27, 1997, on grounds of fraud. In her petition, Nicole Belt requested an appointment as adminis-tratrix of the Succession of Brian (Brien) K. Belt, as well as a court order compelling production of all assets of the decedent. On October 30, 1997, the plaintiff filed another petition seeking a temporary restraining order and preliminary injunction against the defendants to protect the body of Brian (Brien) K. Belt from exhumation, alteration, cremation, and any other tampering. Attached to the petition was the plaintiffs affidavit, dated October 29,1997.
On November 7, 1997, a hearing was held on both the plaintiffs petition for injunctive relief and the defendant’s rule for sanctions and attorney fees. The trial judge denied the plaintiffs request for a preliminary injunction. He concluded that the plaintiff failed to produce any evidence, other than her affidavit, to justify the granting of injunc-tive relief. Moreover, the trial judge sustained the defendants’ rule and levied $1,000.00 in sanctions and $1,000.00 in attorney fees against the plaintiff and her counsel. On that same day, after the hearing, the plaintiff filed a motion to have the trial judge *735 recused; the motion for recusal was later denied. From this judgment, the plaintiff appeals.
III.

LAW & DISCUSSION

Sanction and Recusation
The plaintiff contends that the trial judge failed to provide a hearing on the sanctions and attorney fees, as mandated by La.Code Civ.P. art. 863(E). The plaintiff argues that the trial judge committed a procedural error by disallowing a sanction hearing under Article 863, as well as a substantive error by imposing 14sanctions based on the facts of the suit. Thus, the plaintiff argues that the trial judge abused his discretion by imposing sanctions against her and her counsel. We disagree.
Louisiana jurisprudence holds that, in reviewing a lower court’s award of sanctions, the standard of review to be applied by an appellate court is the “abuse of discretion,” “manifest error,” or “clearly wrong” criterion. Murphy v. Boeing Petroleum Services, 600 So.2d 823 (La.App. 3 Cir.1992); see also Collins v. Ferrellgas, Inc., 96-810 (La.App. 3 Cir. 2/5/97); 689 So.2d 569; Lavespere v. Brasher, 96-190 (La.App. 3 Cir. 10/9/96); 688 So.2d 1166. Thus, absent manifest error or an abuse of discretion by the trial court, an appellate court may not set aside a trial court’s imposition of sanctions.
In pertinent part, La.Code Civ.P. art. 863 provides:
B. Pleadings need not be verified or accompanied by affidavit or certificate, except as otherwise provided by law, but the signature of an attorney or party shall constitute a certification by him that he has read the pleading; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact; that it is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.
D. If, upon motion of any party or upon its own motion, the court determines that a certification has been made in violation of the provisions of this Article, the court shall impose upon the person who made the certification or the represented party, or both, an appropriate sanction which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, including a reasonable attorney’s fee.
E. A sanction authorized in Paragraph D shall be imposed only after a hearing at which any party or his counsel may present any evidence or argument relevant to the issue of imposition of the sanction.
Upon the signing of a pleading, La. Code Civ.P. art. 863 “imposes a personal, nondelegable duty [and obligation] upon the signing attorney to make an |5objectively reasonable inquiry into the facts and law; thereby, satisfying himself, upon application of his own judgment, that the pleading is factually and legally responsible.” Lavespere v. Brasher, 96-190, p. 6 (La.App. 3 Cir. 10/9/96); 688 So.2d 1166, 1170; see also Murphy v. Boeing Petroleum Services, 600 So.2d 823 (La.App. 3 Cir.1992). Subjective good faith is not sufficient to satisfy the duty of reasonable inquiry. Id. From a practical standpoint, a trial court should not impose sanctions on an attorney simply because a particular argument or ground for relief is subsequently found to be unjustified or because a party is unsuccessful with his cause of action. Lavespere, 688 So.2d 1166; Murphy, 600 So.2d 823; Dauzat v. Trinity Universal Ins. Co. of Kansas, 95-1235 (La.App. 3 Cir. 3/6/96); 670 So.2d 785.
The plaintiffs allegation regarding the denial of a sanction hearing under Article 863 is without merit. The record clearly shows that, on November 7, 1997, the trial judge held a hearing on both the plaintiffs petition for injunctive relief and the defendants’ rule for sanctions and attorney fees. At this hearing, the plaintiff was afforded the opportunity to show cause why such sanctions should not be assessed against her and her counsel. The trial judge further allowed the plaintiff’s counsel to submit a memorandum *736 in opposition of the sanctions and attorney fees. We find that the trial judge adhered to the procedural requirements of Article 863 by holding the sanction hearing and committed no error therein.
Moreover, we find that the trial judge was correct in levying sanctions against the plaintiff and her counsel. The plaintiff’s claim was unsubstantiated by the facts in the record and lacked sufficient evidence to support the plaintiffs blatant allegations against the defendants. The trial judge stated that “[tjhere was not a scintilla of credible evidence” to support the plaintiffs allegations. After a reasonable inquiry into the facts, the plaintiff’s counsel knew or should have known that the ^plaintiffs cause of action lacked support from existing law and was not warranted by a good faith argument for either a modification, extension, or reversal of existing law.
Moreover, as the trial court properly observed, the factual circumstances surrounding the allegation of a fraudulent will were not relevant to the issues involving injunctive relief. Moreover, the issues which concerned the alleged fraudulent will were fixed for hearing on another day.
We reason that this suit was brought by the plaintiff solely for the purpose of harassing the defendants and engaging in needless litigation. We determine that the trial court was correct in levying $1,000.00 in attorney fees and $1,000.00 in sanctions against the plaintiff and her counsel. Therefore, we affirm the trial court’s judgment regarding its assessment of sanctions and attorney fees against the plaintiff and her counsel.
The plaintiff further argues that the trial judge erred by levying sanctions against her and her counsel since there was a motion for recusal pending at the time of the sanction hearing. As a result, the plaintiff contends that the trial judge was unable to render a ruling on the defendants’ rule for sanctions. We find that the plaintiffs argu-' ment is incorrect and without merit.
La.Code Civ.P. art. 154 states:
A party desiring to recuse a judge of a district court shall file a written motion therefor assigning the ground for recusation. This motion shall be filed prior to trial or hearing unless the party discovers the facts constituting the ground for recusation thereafter, in which event it shall be filed immediately after these facts are discovered, but prior to judgment. If a valid ground for recusation is set forth in the motion, the judge shall either recuse himself, or refer the motion to another judge or a judge ad hoc, as provided in Articles 155 and 156, for a hearing.
(Emphasis added.)
The record shows that the plaintiff filed the motion for recusal approximately one hour after the sanction hearing. Therefore, the trial judge had the 17authority to render a ruling in any proceeding over which he presided prior to the filing of the motion for recusal. The trial judge held that the plaintiff and her counsel were cognizant of the circumstances which are the alleged bases of the motion prior to the hearing on the sanctions and injunctive relief, but failed to timely file the motion. We find that the plaintiffs motion for recusal was untimely filed and properly denied by the trial judge. Therefore, we conclude that the trial judge was correct in both hearing the rule for sanctions and rendering its ruling thereon, in light of the plaintiffs subsequently-filed motion for recusal.
Failure to Consider Evidence of Fraudulent Will
The plaintiff contends that, in its ruling to reject the plaintiffs petition for injunctive relief, the trial judge erred by failing to consider the alleged fraudulent will of Brian (Brien) K. Belt and the supposed unusual circumstances surrounding his death and burial preparation. We disagree with the plaintiffs ai-gument.
As a matter of law, an action to annul a probated testament under Article 2931[1] can only be initiated and disposed of *737 through the use of a summary proceeding. See La.Code Civ.P. art. 2592. In this suit, however, the plaintiff filed her action for annulment by utilizing ordinary process. In accordance with Article 2592, the proper mechanism for the adjudication of an action to annul a probated testament is summary process. We find that her action for annulment was improperly submitted before the trial court. Further, the plaintiff and her counsel had the opportunity to file the action for annulment in the pending probate proceedings relative to the Succession of Brian (Brien) K. Belt, but failed to do so. Thus, based on the aforementioned reasons, we | «decline to review the plaintiff’s contestation of the decedent’s will and her allegations of fraudulent conduct perpetrated by the defendants.
In regard to credibility determinations, the trial court has vast discretion in making such determinations. Rosell v. ESCO, 549 So.2d 840 (La.1989). Accordingly, an appellate court should give great weight to the factual findings of the trial court. Ambrose v. N.O.P.D. Ambulance Service, 93-3099, p. 8 (La.7/5/94); 639 So.2d 216; Rosell, 549 So.2d 840. Moreover,
[wjhere documents or objective evidence so contradict the witness’s story, or the story itself is so internally inconsistent or implausible on its face, that a reasonable fact finder would not credit the witness’s story, the court of appeal may well find manifest error or clear wrongness even in a finding purportedly based upon a credibility determination. But where such factors are not present, and a factfinder’s finding is based on its decision to credit the testimony of one of two or more witnesses, that finding can virtually never be manifestly erroneous or clearly wrong.
Rosell v. ESCO, 549 So.2d at 844-45 (La.1989). (Citations omitted.)
Concerning the hearing on her petition for injunctive relief, the plaintiff failed to introduce any evidence, other than her affidavit, to substantiate her, allegations against the defendant. Based on the record, the plaintiffs request for injunctive relief lacked any evidentiary support. The allegations purported in the plaintiffs affidavit were based solely on her personal beliefs and thoughts and not concrete evidence or facts. Absent such evidentiary support, the plaintiffs petition for injunctive relief simply becomes a list of unsubstantiated allegations upon which the plaintiffs claim cannot stand. As the trial judge noted, the plaintiffs theories were “based on rumor, and rumor only,” and her request for injunctive relief was “ludicrous.” Furthermore, he noted that he had heard many applications for injunctive relief, but “none quite like this.” The trial judge’s observations were poignant and eminently appropriate.
Jiiv.

CONCLUSION

Based on the foregoing reasons, we affirm the judgment of the trial court. All cost shall be assessed against the plaintiff-appellant.
AFFIRMED.

. Article 2931 states: "A probated testament may be annulled only by a direct action brought in the succession proceeding against the legatees, the residuary heir, if any, and the executor, if he has *737 not been discharged. The action shall be tried as a summary proceeding.”