# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

## 10-1413

WILLIE J. ZENO, SR.

VERSUS

FLOWERS BAKING COMPANY

**********

**APPEAL FROM THE**
**OFFICE OF WORKERS' COMPENSATION, DISTRICT 4**
**PARISH OF LAFAYETTE, NO. 10-02790**
**SAM LOWERY, WORKERS' COMPENSATION JUDGE**

**********

**JAMES T. GENOVESE**
**JUDGE**

**********

Court composed of John D. Saunders, Billy H. Ezell, and James T. Genovese, Judges.

**AFFIRMED.**

Willie J. Zeno, Sr.
In Proper Person
133 Ambroise Street
Lafayette, Louisiana 70501
(337) 591-9411
PLAINTIFF/APPELLANT

Charles J. Foret
Jason R. Garrot
Briney Foret Corry, LLP
413 Travis Street
Suite 200
Post Office Drawer 51367
Lafayette, Louisiana 70505-1367
(337) 237-4070
COUNSEL FOR DEFENDANT/APPELLEE:
      Flowers Baking Company of Lafayette, LLC

**GENOVESE, Judge.**

In this workers' compensation case, Willie J. Zeno, Sr., in proper person, appeals the judgment sustaining the peremptory exceptions of prescription and res judicata filed by Defendant, Flowers Baking Company (Flowers). Flowers answered the appeal, seeking an increase in the $500.00 award of sanctions against Mr. Zeno. For the following reasons, we affirm the judgment of the Office of Workers' Compensation sustaining the peremptory exceptions, and we deny Flowers' request for an increase in sanctions.

## FACTS AND PROCEDURAL HISTORY

Mr. Zeno filed a disputed claim for workers' compensation benefits, commonly referred to as a 1008, on March 23, 2010.[1] In his claim, Mr. Zeno alleged that he was injured in the course and scope of his employment with Flowers on November 13, 1989.

Flowers filed peremptory exceptions of prescription and res judicata and requested an award of sanctions against Mr. Zeno. Flowers argued that Mr. Zeno's claim was barred because it was not filed within the one-year prescriptive period set forth in La.R.S. 23:1209 and because a judgment dismissing Mr. Zeno's original 1008 with prejudice was rendered on February 8, 1993. Flowers also requested an award of sanctions against Mr. Zeno for his alleged violation of La.Code Civ.P. art. 863.[2]

---

[1] This is the third 1008 filed by Mr. Zeno relative to his alleged November 13, 1989 work-related accident. The original 1008, docket number 91-03361, was tried on May 20, 1992, and dismissed by judgment signed on February 8, 1993. The second 1008, docket number 98-06769, was dismissed pursuant to a Motion and Order of Dismissed filed by Mr. Zeno's counsel at that time, Akilah Mawusi Ali, and signed on March 8, 1999.

[2] Louisiana Code of Civil Procedure Article 863 provides:

> A. Every pleading of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. A party who is not represented by an attorney shall sign his pleading and state his address.

Flowers asserted that this is the third claim filed by Mr. Zeno relating to the same alleged work-related injury in which it has had to defend itself.

Mr. Zeno argued that his claim was not barred by prescription because fraud was committed in the proceedings involving his original 1008, and he asserted that the fraud interrupted the prescriptive period. Mr. Zeno alleged that the February 8, 1993 judgment signed by the Workers' Compensation Judge (WCJ), Sheral C. Kellar, which dismissed his original claim with prejudice, was fraudulent. He maintained that the 1993 judgment is fraudulent because it states that a trial was held on May 20, 1992; however, Mr. Zeno argued that he could prove that no trial was ever held. It is pertinent and noteworthy that Mr. Zeno did not appeal the February 8, 1993 judgment.

A hearing in this matter was held on July 29, 2010. The WCJ ruled in favor of

---

B. Pleadings need not be verified or accompanied by affidavit or certificate, except as otherwise provided by law, but the signature of an attorney or party shall constitute a certification by him that he has read the pleading; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact; that it is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

C. If a pleading is not signed, it shall be stricken unless promptly signed after the omission is called to the attention of the pleader.

D. If, upon motion of any party or upon its own motion, the court determines that a certification has been made in violation of the provisions of this Article, the court shall impose upon the person who made the certification or the represented party, or both, an appropriate sanction which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, including a reasonable attorney's fee.

E. A sanction authorized in Paragraph D shall be imposed only after a hearing at which any party or his counsel may present any evidence or argument relevant to the issue of imposition of the sanction.

F. A sanction authorized in Paragraph D shall not be imposed with respect to an original petition which is filed within sixty days of an applicable prescriptive date and then voluntarily dismissed within ninety days after its filing or on the date of a hearing on the pleading, whichever is earlier.

2

Flowers, sustaining its peremptory exceptions of prescription and res judicata. Further, the WCJ concluded that sanctions were appropriate and ordered Mr. Zeno to pay $500.00 to Flowers. A judgment to this effect was signed on August 11, 2010. Mr. Zeno has filed an appeal of this judgment. Flowers has answered the appeal, seeking an increase in the award of sanctions against Mr. Zeno.

## ISSUES

The issues presently before this court are whether the WCJ erred in sustaining Flowers' exceptions of prescription and res judicata and whether Flowers is entitled to an increase in the award of sanctions against Mr. Zeno.

## LAW AND DISCUSSION

In *Beach v. Peter Scalfano Enters.*, 06-1139, pp. 3-4 (La.App. 3 Cir. 2/7/07), 949 So.2d 653, 656, *writ denied*, 07-408 (La. 4/5/07), 954 So.2d 144, this court set forth both the burden of proof and the appellate standard of review applicable to the instant matter as follows:

> "The burden of proof on the prescription issue lies with the party asserting it; however, where the petition shows on its face that the claim has prescribed, the burden shifts to the plaintiff to prove that the prescriptive period has been interrupted or suspended." *Stevens v. Bruce*, 04-133, p. 3 (La.App. 3 Cir. 6/2/04), 878 So.2d 734, 737 (citing *Amoco Prod. Co. v. Texaco, Inc.*, 02-240, pp. 7-8 (La.App. 3 Cir. 1/29/03), 838 So.2d 821, 829, *writs denied*, 03-1102, 03-1104 (La. 6/6/03), 845 So.2d 1096).
>
> . . . .
>
> In *Leger v. Sonnier Exterminating Co.*, 05-1291, p. 4 (La.App. 3 Cir. 4/5/06), 926 So.2d 158, 161, *writ denied*, [06-1033] (La.6/23/06), 930 So.2d 982, this court discussed appellate review relative to an exception of prescription stating as follows:
>
>> Ordinarily, when an appeal involves a ruling on a peremptory exception with contested issues of fact and "[w]hen evidence is introduced and evaluated in the trial court on a peremptory exception, the appellate court must

3

> review the entire record to determine whether the trial court manifestly erred with its factual conclusions." *Egle v. Egle*, 01-927, p. 4 (La.App. 3 Cir. 2/6/02), 817 So.2d 136, 139 (quoting *Parker v. Buteau*, 99-519, p. 3 (La.App. 3 Cir. 10/13/99), 746 So.2d 127, 129). However, in a case in which there are no contested issues of fact and the only issue is the application of the law to the undisputed facts, as in the case at bar, the appellate court must decide whether the lower court's decision is legally correct or incorrect. *Sieferman v. State Farm Mut. Auto. Ins. Co.*, 01-439 (La.App. 3 Cir. 10/3/01), 796 So.2d 833 (citing *Huddleston v. Farmers Merchants Bank & Trust Co.*, 00-640 (La.App. 3 Cir. 11/1/00), 772 So.2d 356).

## *Prescription*

On appeal, Mr. Zeno argues that his claim is not barred because fraud interrupted the running of prescription. According to the February 8, 1993 judgment signed by WCJ Kellar, a trial was held on the original 1008 on May 20, 1992, and Mr. Zeno was present in court for the trial. Mr. Zeno asserts that no trial ever took place and that he has medical records which prove that he was in Alexandria on May 20, 1992; therefore, he alleges that the judgment signed by WCJ Kellar on February 8, 1993, was fraudulent. Mr. Zeno also contends that Flowers should produce a transcript from the trial if one did, in fact, occur. Mr. Zeno ultimately argues that the inability of Flowers to produce a transcript of the May 20, 1992 trial supports his assertion that no trial ever took place.

Louisiana Revised Statutes 23:1209(A)(1) provides, in pertinent part: "In case of personal injury . . . all claims for payments shall be forever barred unless within one year after the accident . . . a formal claim has been filed . . . ." The date of Mr. Zeno's alleged work-related injury is undisputedly November 13, 1989. The 1008 filed by Mr. Zeno on March 23, 2010, was filed nearly twenty-one years after the alleged accident.

4

We find no evidence supporting Mr. Zeno's allegations of fraud in the record of these proceedings. Contrary to Mr. Zeno's understanding, it is not Flowers' burden to prove that a trial occurred; it is Mr. Zeno's burden to prove that a trial did not occur and that the judgment is fraudulent. He has failed to offer evidence supporting his contention of fraud. Further, Mr. Zeno did not appeal the judgment signed by WCJ Kellar on February 8, 1993.[3]

After his second 1008 was filed in 1998, a Motion and Order to Dismiss Mr. Zeno's claim with prejudice was filed on March 8, 1999. Mr. Zeno also did not appeal the dismissal of this (second) claim. Though Mr. Zeno devotes much of his argument in his brief explaining how both his counsel and opposing counsel, as well as WCJ Kellar, are guilty of either legal malpractice, judicial misconduct, or fraud, we find no evidence in the record supporting Mr. Zeno's allegations. That is not the issue before us on appeal. Mr. Zeno has appealed the dismissal of his workers' compensation claim. He has not appealed any claim for legal malpractice or judicial misconduct. Those issues are to be dealt with in the other litigation Mr. Zeno says he has filed and/or pending. This court is limited strictly to the legal issues and record before us—nothing else.

Prescription was interrupted with the timely filing of Mr. Zeno's original 1008 which was filed within one year of his alleged work-related accident. Mr. Zeno's failure to appeal the February 8, 1993 judgment renders it a final judgment and concludes this matter. The 1008 at issue in the present appeal, which is Mr. Zeno's disputed claim for workers' compensation benefits filed on March 23, 2010, is

---

[3]Mr. Zeno did file a motion to appeal; however, it was dismissed for his failure to pay the cost of filing an appeal and preparing the record for appeal. Preparing the record for appeal includes having a court reporter type the trial transcript.

5

untimely. Thus, we find no manifest or clear error in the WCJ's ruling that Mr. Zeno's claim is clearly prescribed.

### *Res Judicata*

Louisiana Revised Statutes 13:4231 provides:

> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
>
> (1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
>
> (2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
>
> (3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

After Mr. Zeno was allegedly injured in 1989, he filed a disputed claim for workers' compensation benefits; however, this claim was dismissed with prejudice by judgment signed on February 8, 1993.

The peremptory exception of res judicata bars a subsequent judgment when "1) both cases involve the same parties;  2) the prior judgment was rendered by a court of competent jurisdiction;  3) the prior decision was a final judgment on the merits;  and 4) the same cause of action is at issue in both cases." *Jones ex rel. Jones v. GEO Group, Inc.*, 08-1276, p. 5 (La.App. 3 Cir. 4/1/09), 6 So.3d 1021, 1025 (quoting *Terrebonne Fuel & Lube v. Placid Ref. Co.*, 95-654, 95-671, p. 15 (La. 1/16/96), 666 So.2d 624, 633).

We have reviewed Mr. Zeno's present 1008, and we find all the elements necessary for the application of res judicata have been proven. Mr. Zeno's present 1008 involves the same parties. The prior judgment was a final judgment on the merits and was rendered by a court of competent jurisdiction. Finally, the same claim for workers' compensation benefits is at issue in both Mr. Zeno's original 1008 and his present 1008. Therefore, we find no manifest or clear error in the WCJ's ruling that Mr. Zeno's claim is barred on the grounds of res judicata.

### Sanctions

"Appellate review of claims for sanctions is governed by the manifest error and abuse of discretion standard." *S. Ingenuity, Inc. v. Benjamin*, 02-1426, p. 5 (La.App. 3 Cir. 4/17/03), 854 So.2d 876, 880, *writ denied*, 03-1396 (La. 9/19/03), 853 So.2d 646 (citing *Doe v. Jeansonne*, 98-183 (La.App. 3 Cir. 10/7/98), 719 So.2d 690).

> [Louisiana Code of Civil Procedure] Article 863 allows for the imposition of sanctions and attorney fees for an attorney or litigant who signs a pleading without having made a
>
>> reasonable inquiry [to insure that] it is well grounded in fact; that it is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

*Id.* at 879 (alteration in original)(quoting La.Code Civ.P. art. 863(B)). The record reveals that the claim presently before this court is the third disputed claim for workers' compensation benefits filed by Mr. Zeno relating to his alleged work-related injury in 1989. These repetitive and duplicitous actions by Mr. Zeno do constitute an abuse of the judicial system. Though we find the WCJ's imposition of sanctions against Mr. Zeno in the amount of $500.00 to be on the low side, based upon the

history of these proceedings, we cannot say that the WCJ abused his discretion or was manifestly erroneous in his ruling on that issue.

**DECREE**

The judgment of the Office of Workers' Compensation is affirmed. All costs of this appeal are assessed against Plaintiff/Appellant, Willie J. Zeno, Sr.

**AFFIRMED.**