# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 15-951

**WILLIE J. ZENO, SR.**

**VERSUS**

**FLOWERS BAKING COMPANY**

**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 4
PARISH OF LAFAYETTE, NO. 91-03361
SAM L. LOWERY, WORKERS' COMPENSATION JUDGE

**********

## JIMMIE C. PETERS

## JUDGE

**********

Court composed of Sylvia R. Cooks, Jimmie C. Peters, and James T. Genovese, Judges.

**MOTION DISMISSED.**

**Willie J. Zeno, Sr.**
**In Proper Person**
**133 Ambroise St.**
**Lafayette, LA 70501**
**(337) 591-9411**

**Charles J. Foret**
**Briney & Foret**
**Post Office Drawer 51367**
**Lafayette, LA 70505**
**(337) 237-4070**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Flowers Baking Company**

**PETERS, Judge.**

Willie Zeno filed a *pro se* pleading in this court entitled Motion to Vacate Judgment, and attached a memorandum to that motion. For the reasons assigned, we dismiss the motion.

Although the precise relief sought by Mr. Zeno in his motion is not clear, it is clear that Mr. Zeno's workers' compensation matter is at the heart of his motion now before us. His workers' compensation matter has been before this court in a prior appeal wherein we affirmed the trial court's dismissal of his claims against the defendant through the grant of exceptions of prescription and res judicata. *Zeno v. Flowers Banking Co.*, 10-1413 (La.App. 3 Cir. 4/6/11), 62 So.3d 303, *writs denied*, 11-1234 (La. 9/23/11), 69 So.3d 1161; 12-196 (La. 3/30/12), 85 So.3d 118; 13-719 (La. 5/17/13), 118 So.3d 377. In that appeal, Mr. Zeno had asserted that a prior judgment denying his workers' compensation claim against Flowers Baking Company had been fraudulently rendered because it referenced a March 20, 1992 hearing he was supposed to have attended. He asserted that not only did he believe the hearing did not occur on that date, but he had proof that he was at medical appointments in a different city on that date. Reviewing the workers' compensation judge's ruling on the record provided, this court concluded that the record provided no basis for reversing that ruling.

In the instant motion filed in this court, Mr. Zeno asserts that his efforts to obtain a copy of the minutes and transcript of the March 20, 1992 hearing have been denied; and in the conclusion of his memorandum filed in support of the motion, Mr. Zeno writes, "Claimant requests that this court grant the Motion to Vacate judgment and order a new trial."

Mr. Zeno has attached no ruling from the workers' compensation judge on the issues raised in his motion to vacate the prior judgment; and this court has no record because Mr. Zeno's motion was not filed in connection with any appeal, and he has not filed a properly documented writ application with this court seeking review of any ruling of the workers' compensation judge. Without a record containing a ruling on which to base an opinion, this court cannot consider his request for relief based on nothing more than the motion. That being the case, we hereby dismiss the motion.

**MOTION DISMISSED.**