1YELVERTON, Judge.
This is an appeal by Bobby Slaydon, the plaintiff, from a judgment dismissing his suit against the Louisiana Department of Wildlife & Fisheries, and three of its agents, McAl-pin, Poston, and Weldon, on an exception of no cause of action. We affirm.
*1152 Slaydon filed suit for false arrest against the State and the wildlife agents. The petition contained the following summarized allegations.
Bobby Slaydon was free on probation after pleading guilty to felony theft. A condition of his probation wasjjthat he not possess a firearm. After receiving a tip that Slaydon was about to go hunting, wildlife agents with the Louisiana Department of Wildlife & Fisheries staked out his camp. On the morning of November 24, 1991, during deer hunting season, as Slaydon and his brother-in-law were getting out of a vehicle in the Red Dirt Wildlife Management Area, the wildlife agents arrested Slaydon and charged him with possession of a firearm by a convicted felon, in violation of La.R.S. 14:95.1. He was taken to the sheriffs office in Natchi-toches Parish and booked, and released on bail. The district attorney dismissed the charges under La.R.S. 14:95.1 because felony theft is not one of the enumerated underlying felonies required for conviction under that statute. However, when one of the agents notified Slaydon’s probation officer, he was given a hearing as a probation violator for being in possession of a firearm in violation of his probation, and his probation was revoked and he spent some time in a halfway house.
The petition alleges that Slaydon was falsely arrested and falsely imprisoned by the agents, entitling him to damages. His claimed damages included not only those suffered in consequence of his arrest and booking, but also those suffered in consequence of his later having been found in violation of his probation, and having been made to spend additional incarceration for that violation.
To this petition the defendants filed an exception of no cause of action. The trial judge heard arguments and granted the exception dismissing the suit.
In Louisiana, the tort of false arrest or imprisonment consists of two elements: (1) detention of a person; and (2) the unlawfulness of the detention. Touchton v. Kroger, 512 So.2d 520 (La.App. 3rd Cir.1987). If |.<¡a plaintiff is convicted of a crime for which he was arrested and indicted, and the conviction is affirmed, his detention is not unlawful as a matter of law. Restrepo v. Fortunato, 556 So.2d 1362 (La.App. 5th Cir.), writ denied 560 So.2d 11 (La.1990).
Slaydon has added a new dimension to his pleadings on appeal, which he asserts both by brief and in oral argument. That is that the conviction for which he was on probation was a federal felony, and that the revocation of his probation was done by federal officials. He did not plead this in his original or amending petitions, leaving the impression that the underlying felony theft and the violation of his probation by possession of a firearm was pursuant to state law. He now asserts that the Louisiana Wildlife & Fisheries agents had no authority to make the arrest. He argues that the Louisiana agents had no authority to arrest him for illegal possession of a firearm, because this was not in violation of any state law, but a violation of his federal probation.
Commissioned wildlife officers and agents of the enforcement division of the Department of Wildlife & Fisheries are vested with the same authority and powers conferred by law upon law enforcement officers of this State. La.R.S. 56:55.2. Accordingly, a wildlife and fisheries agent is a peace officer with the authority to make warrantless arrests for offenses committed in his presence or upon reasonable cause. La.Code Crim.P. art. 213.
Under 16 U.S.C. § 3375, the Secretary of the Interior may utilize by agreement, with or without reimbursement, the personnel, services, and facilities of any other Federal agency or any State agency or Indian tribe for purposes of enforcing Chapter 53, which deals in part uwith federal conservation of fish and wildlife. Also, La.R.S. 56:712 authorizes the Louisiana Director of Wildlife & Fisheries to enter into cooperative agreements with the proper authorities of the government of the United States for the protection and management of the wildlife resources of the national forest lands within the state. We do not know whether the Red Dirt Wildlife Management Area is in a national forest or not, nor do we know whether or not there exists such a cooperative agreement. Although the author of this opinion believes that all Louisiana Wildlife & Fisher *1153 ies agents are commissioned Federal Wildlife & Fisheries agents, we are not sure that this is a fact. (The Louisiana agents in Moresi v. Wildlife & Fisheries, 567 So.2d 1081 (La.1990), had federal commissions.)
Nevertheless, we do not think it makes any difference in the present case whether this was a federal probation or a state probation, and we do not think that it makes any difference whether the agents had or did not have federal commissions. Slaydon’s petition, even amended to state that he was on probation for a federal felony, still would not state a cause of action.
The petition in the present case alleges that the plaintiff suffered the revocation of his probation for the November 24, 1991 possession of a firearm, and that it was that very possession which was the basis for his arrest by the defendants and booking at the Natchitoches Parish Sheriffs Office. Therefore, the petition on its face shows that the arrest and booking was for the illegal possession of a firearm. The petition alleges that the plaintiff was a convicted felon. It was against the law for him to possess a firearm. The fact that his felony conviction was a theft took his ease out of the purview | sof La.R.S. 14:95.1, but possession of a firearm was still in violation of his federal probation. The petition further alleges that the arrest and detention ultimately led to a hearing and a revocation of Slaydon’s probation. The probation could not have been revoked for any other reason than that he was in violation of the terms of probation by being in possession of a firearm. Accordingly, since the petition itself shows that Slaydon was ultimately found to have been illegally in possession of a firearm, the very same thing for which he was arrested and detained, his detention was not unlawful as a matter of law. Restrepo, supra.
As the trial judge so appropriately put it: “All of the facts [allegations] make it clear that Mr. Slaydon lost his freedom not as a result of being charged with the wrong crime, but as a result of having violated his probation.”
For the foregoing reasons, we affirm the judgment of the trial court dismissing the plaintiffs petition at his costs.
AFFIRMED.