liPETERS, Judge.
The issue in this claim for damages is whether an indigent defender board and its chief administrative officer owed a duty to a material witness in a criminal matter, who had been arrested and incarcerated under La.R.S. 15:257, to appoint counsel for the witness.
DISCUSSION OF THE RECORD
Damion Cooks filed this suit against the Rapides Parish Indigent Defender Board (IDB) and Kenneth Rodenbeck, an employee and chief administrative officer of the IDB, alleging that these two defendants were at fault and liable for damages caused by the deprivation of his right to counsel.[1] Cooks’ allegations included the following. On January 28, 1995, Cooks was a passenger in an automobile driven by Willie Howard. Howard exited the car and got into an argument with Reginald Sices, who was on a bicycle. Sices left, and Howard got into the driver’s seat of another car band followed Sices on his bicycle. Cooks saw Howard strike Sices, who was killed. Cooks gave a full and accurate statement to the Alexandria City Police. Howard was arrested for second degree murder. On February 15, 1995, Officer Jerry Deville developed information that Cooks was leaving town to visit his father in Kansas to avoid testifying against Howard. An arrest warrant for Cooks was signed pursuant to La.R.S. 15:257. Cooks was indigent and could not post bond. He was imprisoned for fifty-six days. Cooks made six written requests to the public defender for a court-appointed attorney. Rodenbeck denied *65 Cooks’ request for court-appointed counsel. A prosecutor went to the jail to interview Cooks as part of his investigation and learned of the circumstances of Cooks’ incarceration. The prosecutor took the matter to a district court judge, who ordered an immediate hearing. Cooks gave testimony under oath, and the district court judge released him from custody.
As to his claim against the IDB and Ro-denbeck, Cooks .alleged that under the Fifth and Sixth Amendments to the United States Constitution and La. Const, art. I, § 18, the IDB and the public defender have a duty to appoint counsel for indigents when they are arrested or otherwise taken into custody. Cooks alleged that Rodenbeck, following IDB policy, violated Cooks’ right to counsel under the Fifth and Fourteenth Amendments to the United States Constitution and La. Const, art. I, § 13 and that this violation constituted fault within the meaning of La.Civ.Code art. 2315. Cooks also asserted that the IDB was liable for the torts of its employee, Ro-denbeck. Additionally, Cooks asserted that the IDB was independently liable for adopting the policy that counsel would not be appointed by the public defender until the defendant was billed or arraigned and for administering the finances of the IDB to maximize profit and minimize services to clients. In the alternative, Cooks alleged that Rodenbeck had the duty to give notice of his incapacity and to relinquish the delegated appointment power back to the district court.
|3The IDB and Rodenbeck filed peremptory exceptions of no right and no cause of action and a motion for summary judgment, alleging that since Cooks was a material witness and not a defendant or an accused, he had no cause of action, no right of action, and no interest or standing under the law cited in his petition to institute suit against these two defendants. Cooks filed a motion for partial summary judgment, seeking a ruling that he was entitled to judgment as a matter of law that the IDB and Rodenbeck were liable for damages to him for depriving him of his right to counsel.
A hearing was held on the IDB and Ro-denbeck’s exceptions of no right and no cause of action and motion for summary judgment. The trial court granted the IDB and Roden-beek’s motion for summary judgment and dismissed Cooks’ demands against them. Cooks filed a motion for new trial, which the trial court denied. Cooks appeals the trial court’s granting of the motion for summary judgment.
OPINION
Cooks was arrested and incarcerated pursuant to La.R.S. 15:257, which provides:
Whenever it shall appear, upon motion of the district attorney or upon motion of a defendant supported by his affidavit, that the testimony of any witness is essential to the prosecution or the defense, as the case may be, and that there are good grounds to fear that said witness may depart or be taken from the jurisdiction of the court, a judge, as defined in Article 931 of the Code of Criminal Procedure, shall issue a warrant for the arrest of the witness. The witness shall be arrested and held in the parish jail, or such other suitable place as shall be designated by the court, until he gives an appearance bond as provided for defendants when admitted to bail, or until his testimony shall have been given in the cause or dispensed with.
Cooks urges that La.R.S. 15:257 provides for a “status offense” which punishes someone for his status rather than for criminal behavior. Cooks asserts that La.R.S. 15:257 triggers the right to appointed counsel and that therefore the IDB and Rodenbeck had a duty to appoint counsel for him when he was arrested and incarcerated under La. R.S. 15:257. We disagree. We find no authority to support 14Cooks’ assertion that La. R.S. 15:257 provides for a “status offense.”
La.Code Crim.P. art. 933(1) provides that an offense “includes both a felony and a misdemeanor.” A felony is defined in La. R.S. 14:2(4) as a crime punishable by death or imprisonment at hard labor, and La.R.S. 14:2(6) defines a misdemeanor as a crime other than a felony. La.R.S. 15:257 does not proscribe criminal conduct or prescribe criminal consequences. Criminal conduct is that *66 which produces criminal consequences. La. R.S. 14:8. La.R.S. 15:257 is not penal in nature in that the object of the statute is not punishment for wrongdoing; rather, the object of the statute is to provide a procedure to prevent a material witness from removing himself from or from being taken from the jurisdiction of the court and to insure testimony from a material witness. La.R.S. 15:257 is not even contained in Title 14 of the Revised Statutes, which is entitled “Criminal Law,” but is contained in Title 15 of the Revised Statutes, which is entitled “Criminal Procedure.”
Additionally, La.Code Crirn.P. art. 934(4) provides that a defendant “means a person who has been charged with or accused of an offense.” The functions and duties of an indigent defender board and a chief indigent defender are not implicated unless an individual is a defendant. La.R.S. 15:144 provides for the establishment of indigent defender boards. La.R.S. 15:145(B) provides for an indigent defender board’s selection of procedures “for providing counsel for indigent defendants.'” (Emphasis added). Additionally, La.R.S. 15:145(B)(2)(b) provides:
The chief indigent defender may in the event of conflicts of interest, inadequate personnel or for any other reason approved by the board request that the court appoint counsel to represent indigent defendants pursuant to Section 145(B)(1).
(Emphasis added).
Since Cooks was not charged with or accused of an offense, the functions and duties of the IDB and Rodenbeek were not implicated. Thus, the IDB and Rodenbeek had |5no duty to provide counsel for Cooks.
Cooks contends that the IDB and Roden-beck had a constitutional duty under La. Const, art. I, § 13 to appoint counsel for him. He contends that the breach of this duty by knowingly refusing to appoint counsel for him and thereby causing his lengthy, unnecessary incarceration is fault under La.Civ. Code art. 2315. Cooks argues that a person arrested and incarcerated as a material witness under La.R.S. 15:257 is fully guaranteed the right to counsel under La. Const, art. I, § 13.
La. Const, art. I, § 13 provides:
§ 13. Rights of the Accused
Section 13. When any person has been arrested or detained in connection with the investigation or commission of any offense, he shall be advised fully of the reason for his arrest or detention, his right to remain silent, his right against self incrimination, his right to the assistance of counsel and, if indigent, his right to court appointed counsel. In a criminal prosecution, an accused shall be informed of the nature and cause of the accusation against him. At each stage of the proceedings, every person is entitled to assistance of counsel of his choice, or appointed by the court if he is indigent and charged with an offense punishable by imprisonment. The legislature shall provide for a uniform system for securing and compensating qualified counsel for indigents.
As we appreciate Cooks’ position, he was entitled to counsel because he was arrested and detained in connection with the investigation of an offense. We disagree with this reasoning. This first sentence of the Article, taken in context, refers to the rights of an accused, as the heading of the Article suggests. If we were to accept Cooks’ reasoning that the Article grants a material witness who is not an accused the right to counsel, we would also have to accept that the Article grants the material witness the other rights listed therein. This could lead to absurd consequences. For instance, when applied in the context of a material witness’ arrest and detention under La.R.S. 15:257, the Article would lead to the absurd consequence that the material witness would have to be advised of his right to remain silent, among other rights, whereas insuring the witness’ testimony is the very purpose of La.R.S. 15:257. Indeed, ^giving a material witness the right to remain silent could in certain instances violate a criminal defendant’s right to compulsory process. Thus, the first sentence of La. Const, art. I, § 13 must be interpreted in the context of the entire Article and must be understood to provide for the rights of an accused.
The third sentence of the Article provides additional support that the Article does not *67 grant the right to counsel to a material witness who is not an accused. That sentence provides that a person is entitled to the assistance of court-appointed counsel “if he is indigent and charged with an offense punishable by imprisonment.” Id. (emphasis added). Cooks is not an accused and is not charged with an offense punishable by imprisonment. We hold that La. Const, art. I, § 13 does not provide Cooks, who was arrested and incarcerated as a material witness under La.R.S. 15:257, with the right to counsel.
We also reject any argument that the Fifth and Sixth Amendments to the United States Constitution provide Cooks with the right to counsel. The Sixth Amendment provides in part that “[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his de-fence.” (Emphasis added). The Fifth Amendment provides in part that “[n]o person ... shall be compelled in any criminal ease to be a witness against himself....” Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), dealt with the protection that must be given to the privilege against self-incrimination, which includes informing an individual held for interrogation that he has the right to an attorney. However, Miranda involved the restraints society must observe consistent with the United States Constitution in prosecuting individuals for crimes. Thus, we know of no basis in either the Fifth or Sixth Amendments to the United States Constitution that would support that Cooks had the right to court-appointed counsel as a material witness in the prosecution of another individual.
Therefore, for the reasons expressed, we hold that as a matter of law, neither the hIDB nor Rodenbeck had a duty to provide Cooks with counsel.
DISPOSITION
For the foregoing reasons, we affirm the judgment of the trial court. We assess costs of this appeal to Cooks.
AFFIRMED.

. Cooks also filed suit against the City of Alexandria, Officer Keith Delaney, Officer Jerry Deville, and others. Cooks alleged that the City, Officer Delaney, and Officer Deville were liable for his false arrest and imprisonment. The claim against these defendants is not before us in this appeal.