711 So.2d 444 (1998)
Damion COOKS, Plaintiff-Appellant/Appellee,
v.
Ken RODENBECK, Public Defender, et al., Defendants-Appellants/Appellees.
No. 97-1389.
Court of Appeal of Louisiana, Third Circuit.
April 29, 1998.
*445 Charles Joseph Yeager, Alexandria, for Damion Cooks.
Albin Alexandre Provosty, H. Bradford Calvit, Alexandria, for City of Alexandria, et al.
Before WOODARD, DECUIR and PETERS, JJ.
PETERS, Judge.
This is a suit for false arrest and imprisonment. Damion Cooks appeals the dismissal of his suit against the City of Alexandria, Officer Keith Delaney, and Officer Jerry Deville, and these defendants appeal the rejection of their motions for sanctions at the trial level and seek damages for frivolous appeal.

DISCUSSION OF THE RECORD
Damion Cooks filed suit for damages against various individuals and entities in connection with his arrest and incarceration under La.R.S. 15:257, the material witness statute.[1] Among the various claims presented, *446 Cooks sought damages for false arrest and imprisonment against the City of Alexandria, Officer Keith Delaney, and Officer Jerry Deville.
In his pleadings, Cooks alleged that on January 28, 1995, he was a passenger in an automobile driven by Willie Howard when Howard exited the vehicle and got into an argument with Reginald Sices, who was on a bicycle. According to Cooks's pleadings, Sices left on his bicycle and Howard got into the driver's seat of another automobile and followed Sices. Cooks saw Howard strike Sices, who was killed. The pleadings then asserted that Judge Ross Foote, a district judge of the Ninth Judicial District, signed the warrant[2] for Cooks's arrest as a material witness, ordering Cooks incarcerated until he furnished a $25,000.00 bond or until he testified at Howard's trial. The pleadings further asserted that because Cooks was indigent and could not post bond, he was imprisoned for fifty-six days. Cooks contended that he made six written requests to the public defender for a court-appointed attorney, all of which were denied. The pleadings further asserted that a prosecutor who had gone to the jail to interview Cooks as part of his investigation learned of the circumstances of his incarceration and took the matter to the presiding judge in the Howard case, Judge George Metoyer, Jr., who ordered an immediate hearing to allow Cooks to give his testimony and be released from custody. On April 12, 1995, the hearing was held, Cooks gave testimony under oath, and Judge Metoyer released him from custody.
The City of Alexandria and Officer Delaney responded to these allegations in part by filing a motion for summary judgment, as did Officer Deville, who was added as a defendant by a supplemental and amending pleading. Cooks also filed motions for partial summary judgment. The defendants submitted various exhibits in support of their motion for summary judgment, including affidavits of Officer Deville and Officer Delaney, the motion for the material witness bond, the order for the material witness arrest warrant, the arrest warrant, and Cooks's testimony at the preliminary examination hearing. Cooks did not present any material contradictory evidence.
The evidence submitted established the following. Samuel Quinney informed Officer Deville that he witnessed Howard run over Sices. Quinney gave a recorded statement in which he stated that Cooks and Howard approached him a day or so after the incident to locate parts to fix the automobile involved in the accident. On February 1, 1995, Howard was questioned about the incident as described by Quinney. Howard denied knowing Sices or ever having a confrontation with Sices. At the end of the interview, Howard was arrested for the second degree murder of Sices.
On February 7, 1995, Cooks gave a statement admitting that he was an eyewitness and that Howard ran over Sices. On February 15, 1995, Officer Deville spoke with Quinney, who informed him that Cooks intended to travel to his father's home in Nebraska to avoid testifying against Howard. During a telephone conversation with an employee of a bus station, it was learned that a person, believed to be the mother of Cooks, had called the bus station, seeking information and fares for buses traveling from Alexandria or Shreveport to Omaha, Nebraska. After receiving the information that Cooks was going to leave the state, Officer Deville met with Assistant District Attorney Thomas M. Yeager, who was informed of the facts of the case, including that Cooks was attempting to flee the state.
Yeager drafted a Motion for Bond for Material Witness, and Judge Foote did in fact *447 issue an order that resulted in Cooks's incarceration. The order provided that Cooks be incarcerated until either he posted a commercial bond in the amount of $25,000.00 as a material witness or his testimony was given in Howard's trial. After the order was signed, Officer Deville contacted Officer Delaney and told him the order had been signed by a judge. A material witness warrant was issued, and Cooks was arrested. At the hearing ordered by Judge Metoyer, Cooks testified that he was an eyewitness to the crime and admitted that he intended to leave town because he did not want to testify in the trial.
The trial court granted the defendants' motions for summary judgment, holding that the arrest was made under and by virtue of a warrant properly issued pursuant to court order. Cooks appeals. The defendants also appeal the trial court's implicit rejection of their motions for sanctions against Cooks and/or his attorney. Additionally, the defendants have answered the appeal, seeking damages for frivolous appeal.

OPINION

False Arrest and Imprisonment
A motion for summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B). Summary judgments are now favored. La. Code Civ.P. art. 966(A)(2).
The tort of false arrest or imprisonment consists of two elements: (1) detention of an individual and (2) unlawfulness of that detention. Slaydon v. State Dep't of Wildlife, & Fisheries, 93-1380 (La.App. 3 Cir. 5/4/94); 636 So.2d 1151, writ denied, 94-1952 (La.10/28/94); 644 So.2d 377. False arrest and imprisonment occur when one arrests and restrains another person against his will without a warrant or other statutory authority. Kyle v. City of New Orleans, 353 So.2d 969 (La.1977). If police officers act pursuant to statutory authority when they arrest and incarcerate a citizen, they are not liable for damages for false arrest and imprisonment. Id.; Wolfe v. Wiener Enters., Inc., 94-2409 (La.1/13/95); 648 So.2d 1293. As long as the officers reasonably believed the statute upon which they relied was valid at the time they acted, the law exempts the officers from liability even if the statute is later declared unconstitutional. Kyle, 353 So.2d 969.
La.R.S. 15:257 is the authority for the arrest in the case at hand. That statute provides:
Whenever it shall appear, upon motion of the district attorney or upon motion of a defendant supported by his affidavit, that the testimony of any witness is essential to the prosecution or the defense, as the case may be, and that there are good grounds to fear that said witness may depart or be taken from the jurisdiction of the court, a judge, as defined in Article 931 of the Code of Criminal Procedure, shall issue a warrant for the arrest of the witness. The witness shall be arrested and held in the parish jail, or such other suitable place as shall be designated by the court, until he gives an appearance bond as provided for defendants when admitted to bail, or until his testimony shall have been given in the cause or dispensed with.
Assistant District Attorney Yeager filed a Motion for Bond for Material Witness, alleging that Sices was murdered by Howard; that Cooks had given a statement that he was present at the scene of the murder and had witnessed the murder; and that Officer Deville had received a call from another eyewitness to the murder who told him that Cooks was leaving town on Wednesday, February 15, 1995, to go to Shreveport to catch a bus to his father's home in Nebraska to avoid service of a subpoena to testify against Howard. Judge Foote, who is a judge as defined by La.Code Crim.P. art. 931, issued the order for the warrant to be issued; the warrant was issued; and Cooks was arrested in accordance with that order and placed in the parish jail. The order provided for an appearance bond. Thus, the procedure employed was that provided for in La.R.S. 15:257.
*448 On appeal, Cooks argues about alleged defects in the warrant and that Officer Deville is additionally liable for acting unreasonably in providing the information required to secure the warrant.[3] We need not address these arguments because the officers acted pursuant to statutory authority, La.R.S. 15:257, in arresting and incarcerating Cooks. Therefore, as a matter of law the defendants cannot be liable for damages for false arrest and imprisonment.
Cooks cites us to State v. Giovanni, 375 So.2d 1360 (La.1979), for the proposition that an arrest of a material witness without a validly-obtained and issued warrant under La.R.S. 15:257 is per se an illegal arrest. Giovanni involved a motion to suppress oral inculpatory statements made by the defendant. In that case, the supreme court found that the defendant had been illegally arrested as a material witness and that each of his statements, with the exception of one that was made before the arrest, was made as a direct consequence of the illegal arrest. Specifically, the supreme court found that the provisions of La.R.S. 15:257 were not followed in arresting the defendant because no warrant was issued for the defendant's arrest as a witness (there was not even an attempt to procure one) and there was no prior judicial determination that the defendant's testimony was essential and that there were good grounds to fear his departure from the jurisdiction. In the instant case, an arrest warrant was issued and there was a prior judicial determination that Cooks's testimony was essential and that there were good grounds to fear his departure from the jurisdiction. Thus, we find Giovanni distinguishable.
We note with interest that if a plaintiff is convicted of the crime for which he was arrested and indicted and his conviction is affirmed, his detention is not unlawful as a matter of law. See Slaydon, 636 So.2d 1151. While Cooks was not convicted of a crime and was not an accused, the allegations upon which he was arrested and incarcerated were true by his own admission. Therefore, for this additional reason, we hold that his detention was not unlawful as a matter of law. Thus, we affirm the summary judgment in favor of the City of Alexandria, Officer Delaney, and Officer Deville, dismissing Cooks's claim against them.

Sanctions at the Trial Level
The defendants filed three motions for sanctions based on the following pleadings filed by Cooks's attorney: Motion to Disqualify Counsel for City of Alexandria, Deville, and Delaney; Motion for Stay Order; Supplemental Motion to Disqualify; Motion to Strike; Motion for Sanctions and Contempt under Code of Civil Procedure Art. 967; and Motion in Limine. The judgment granting the motion for summary judgment is silent as to the defendants' motions for sanctions. Generally, where a judgment is silent on a demand at issue under the pleadings, such silence constitutes an absolute rejection of the demand. Dowden v. Mid State Sand & Gravel Co., 95-231 (La.App. 3 Cir. 11/2/95); 664 So.2d 643, writ denied, 95-2864 (La.2/2/96); 666 So.2d 1099. The defendants appeal the trial court's implicit denial of their motions for sanctions.
La.Code Civ.P. art. 863 provides in part:
B. Pleadings need not be verified or accompanied by affidavit or certificate, except as otherwise provided by law, but the signature of an attorney or party shall constitute a certification by him that he has read the pleading; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact; that it is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass *449 or to cause unnecessary delay or needless increase in the cost of litigation.
....
D. If, upon motion of any party or upon its own motion, the court determines that a certification has been made in violation of the provisions of this Article, the court shall impose upon the person who made the certification or the represented party, or both, an appropriate sanction which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, including a reasonable attorney's fee.
La.Code Civ.P. art. 863 imposes a personal, nondelegable duty upon the signing attorney to make an objectively reasonable inquiry into the facts and law, thereby satisfying himself that the pleading is factually and legally responsible. Lavespere v. Brasher, 96-190 (La.App. 3 Cir. 10/9/96); 688 So.2d 1166. Subjective good faith does not satisfy the duty of reasonable inquiry. Id. La.Code Civ.P. art. 863 sanctions are intended for only exceptional circumstances and are not to be used simply because the parties disagree about the correct resolution of a legal matter. Id. Failure to prevail does not trigger sanctions. Id. The slightest justification for the exercise of a legal right precludes the imposition of sanctions. Id. We note that the record contains numerous questionable pleadings that were filed by the plaintiff's attorney and then dismissed before hearing. However, these were generally dismissed after pretrial conferences wherein the trial court attempted to effect a consolidation of the real issues before it, and the question of sanctions for these pleadings is not before us. While the record as a whole reflects that plaintiff's counsel has filed pleadings that clearly raise sanction questions under La.Code Civ.P. art. 863, we are bound by the manifest error and abuse of discretion inquiries. We find no manifest error or abuse of discretion in the trial court's rejection of the motions for sanctions. Cooks has filed peremptory exceptions of no cause and no right of action concerning the sanction issue on appeal. However, because we find no manifest error or abuse of discretion in the trial court's ruling, we need not address these exceptions.

Frivolous Appeal
The defendants answered the appeal, seeking damages for frivolous appeal. They submit that the appeal taken by counsel for Cooks must be considered frivolous, particularly in light of our prior decision in Cooks v. Rapides Parish Indigent Defender Board, 96-811 (La.App. 3 Cir. 12/11/96); 686 So.2d 63, writ denied, 97-0409 (La.3/27/97); 692 So.2d 398, the overwhelming evidence submitted in support of the motion for summary judgment; and Cooks's own admissions in the preliminary examination hearing in the criminal matter.
La.Code Civ.P. art. 2164 provides that an appellate court may award damages for frivolous appeal. However, damages for frivolous appeal will not be awarded unless it appears that the appeal was taken solely for the purpose of delay, that serious legal questions are not raised, or that the attorney does not seriously believe in the position he advocates. Robinson v. Thornton, 96-1329 (La. App. 3 Cir. 10/29/97); 705 So.2d 745. writ denied, 97-2963 (La.2/6/98); 709 So.2d 739 Under the circumstances of this case, we do not find that damages for frivolous appeal are justified.

DISPOSITION
For the foregoing reasons, we affirm the judgment of the trial court. We deny the defendants' request for damages for frivolous appeal. We assess all costs of this appeal to Damion Cooks.
AFFIRMED.
NOTES
[1] In Cooks v. Rapides Parish Indigent Defender Board, 96-811 (La.App. 3 Cir. 12/11/96); 686 So.2d 63, writ denied, 97-0409 (La.3/27/97); 692 So.2d 398, we were presented with the issue of whether the Rapides Parish Indigent Defender Board and its chief administrative officer owed a duty to Cooks, a material witness in a criminal matter who had been arrested and incarcerated pursuant to La.R.S. 15:257, to appoint counsel for Cooks. In that appeal, we held that there was no duty in that regard.
[2] We note that Cooks's pleadings state that Judge Foote signed the warrant. However, Judge Foote signed an order authorizing the issuance of the warrant. The warrant itself was signed by the deputy clerk of court.
[3] Cooks contends that Officer Deville is liable for providing unreliable, uninvestigated, and unverified hearsay to secure the warrant. He cites us to certain jurisprudence for the proposition that where a third party gives information or otherwise causes an arrest to occur, even by a police officer pursuant to a warrant valid on its face, and that information is unreasonable, unfair, or untrue, the third party is liable for fault under La.Civ.Code art. 2315. We have reviewed the jurisprudence Cooks cites in this regard and find it is distinguishable in that those cases involved the giving of false information or misidentification, whereas in the instant case, Cooks admitted that he was an eyewitness to the murder and that he was planning to leave to avoid testifying.