I,SULLIVAN, Judge.
Southern Ingenuity, Inc. and Daryn Clark (Plaintiffs) appeal the trial court’s denial of their claims for damages and attorney fees as provided for in La.R.S. 23:303(B). For the following reasons, we affirm.

Facts

Effie Benjamin, a black woman, was employed by Southern Ingenuity, Inc. when she learned of an organization known as We Care Ministries through her church. We Care Ministries provides the same or similar services as those provided by Southern Ingenuity, Inc. When Ms. Benjamin learned of We Care Ministries, it was *878 not doing business in Louisiana and was a potential competitor of Southern Ingenuity, Inc. While employed by Southern Ingenuity, Inc., Ms. Benjamin provided assistance to We Care Ministries, including obtaining applications from state offices, preparing documents, and attending audit meetings. Southern Ingenuity, Inc. learned of her involvement with We Care Ministries and discharged her.
Ms. Benjamin contacted an attorney regarding her discharge. Ms. Benjamin testified that she consulted an attorney because a co-worker in a similar situation was not discharged. She explained that a white co-worker worked part-time for an agency, which provides the same services that Southern Ingenuity, Inc. provides, but she was not discharged and that the agency she worked for is not a religious organization as is We Care Ministries. After conferring with the attorney and on his advice, Ms. Benjamin filed suit against Southern Ingenuity, Inc. and Mr. Clark, the corporation’s sole shareholder, alleging a number of claims, including racial, gender, and religious discrimination.
After Ms. Benjamin’s suit was filed, Southern Ingenuity conducted discovery. Ms. Benjamin decided not to pursue her suit and terminated her attorney’s services. | ¡.Her attorney filed a motion to withdraw as counsel of record. In April 2000, Ms. Benjamin contacted Mr. Clark and informed him that she was dismissing her suit. On June 1, 2000, she filed a motion to dismiss her suit with the Clerk of Court, which was misplaced in the Clerk’s office. Mr. Clark testified that he knew the motion to dismiss was misplaced and was not presented to the trial judge for his signature.
On May 24, 2000, Southern Ingenuity, Inc. and Mr. Clark had filed a motion for summary judgment on Ms. Benjamin’s employment discrimination claims. Ms. Benjamin did not file an opposition to the motion or appear at the hearing on the motion for summary judgment, and it was granted.
In November 2000, Southern Ingenuity, Inc. and Mr. Clark filed a motion to set the matter for trial. The trial court ordered that Ms. Benjamin be served with an order to appear at the pretrial conference. Two days after being served with the notice to appear at the pre-trial conference, Ms. Benjamin filed another motion for dismissal which was signed on December 11, 2000.
Plaintiffs filed suit against Ms. Benjamin pursuant to La.R.S. 23:303(B) which provides:
A plaintiff found by a court to have brought a frivolous claim under this Chapter shall be held liable to the defendant for reasonable damages incurred as a result of the claim, reasonable attorney fees, and court costs.
Five other Southern Ingenuity employees also filed and dismissed suits against Plaintiffs, alleging claims of discrimination. Plaintiffs only sued Ms. Benjamin. After a trial on the merits of Plaintiffs’ claims, the trial court determined that Ms. Benjamin’s suit was not “frivolous.” Plaintiffs appeal.

13Issues

The issues presented herein are: 1) what is the appropriate standard applicable to claims brought under La.R.S. 23:303(B) and 2) was Ms. Benjamin’s suit a “frivolous claim”?

Appropriate Standard under La.R.S. 23:303(B)

La.R.S. 23:303 does not define the term “frivolous claim,” and there are no cases which address this issue. The trial court concluded that La.Code Civ.P. art. 863 is the appropriate standard to apply to Plaintiffs’ claims. Plaintiffs assert that the ap *879 propriate standard is that found in La. Code Civ.P. art. 2164, which allows for an award of damages for frivolous appeal.
Article 863 allows for the imposition of sanctions and attorney fees for an attorney or litigant who signs a pleading without having made a
reasonable inquiry [to insure that] it is well grounded in fact; that it is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.
The trial court rejected Plaintiffs’ argument that the appellate standard of Article 2164 is appropriate here, “[because it is post-trial, it does not allow for the consideration of what could be discovered before trial.” Damages for frivolous appeal under Article 2164 are not awarded unless the appeal was taken solely for the purpose of delay, no serious legal question was raised by the appeal, or the attorney does not seriously believe in the position he advocates. Courville on Behalf of Vincent v. City of Lake Charles, 98-73 (La.App. 3 Cir. 10/28/98), 720 So.2d 789. Plaintiffs argue that the “no serious legal question” component of this standard applies here because, under the facts related by Ms. Benjamin, she could not establish |4a prima facie case regarding her claims; therefore, her claims were frivolous under La.R.S. 23:303(B).
Claims for frivolous appeals are made after discovery has been conducted and, more importantly, after a trial on the merits has been held in which the facts and the applicable law were determined. Even at that point, courts are reluctant to award damages under Article 2164 because it is penal and must be strictly construed. Guarantee Sys. Constr. & Restoration, Inc. v. Anthony, 97-1877 (La.App. 1 Cir. 9/25/98), 728 So.2d 398, writ denied, 98-2701 (La.12/18/98), 734 So.2d 636.
We find no error with the trial court’s conclusion that the appropriate standard to apply herein is that of La. Code Civ.P. art. 863.

Sanctions

The trial court concluded that sanctions were not appropriate here, stating:
What we know about the suit at issue is that after she was fired for helping We Care Ministries, Ms. Benjamin knew or learned that another Southern Ingenuity, Inc. employee who was white was working for another agency, and one that was not religion based. She had no easy means to delve into the circumstances of that without the legal process being available.
Ms. Benjamin’s attorney signed her petition. Article 863 “imposes a personal, nondelegable duty upon the signing attorney to make an objectively reasonable inquiry into the facts and law, thereby satisfying himself that the pleading is factually and legally responsible.” Cooks v. Rodenbeck, 97-1389, p. 8 (La.App. 3 Cir. 4/29/98), 711 So.2d 444, 449. Sanctions are intended only for exceptional circumstances, and the slightest justification for the exercise of a legal right precludes the imposition of sanctions. Cooks, 711 So.2d 444.
Article 863 is written in terms of reasonableness. The record reveals that Ms. Benjamin acted reasonably. She believed that she was discriminated against by Ifiher employer, and she sought the advice of an attorney. On his advice, she filed suit, alleging that her employer’s actions were discriminatory. Her belief was *880 sincere, and her actions were not for an improper purpose.
Appellate review of claims for sanctions is governed by the manifest error and abuse of discretion standard. Doe v. Jeansonne, 98-183 (La.App. 3 Cir. 10/7/98), 719 So.2d 690. We find no manifest error in the trial court’s conclusion that Ms. Benjamin’s suit was not a “frivolous claim.”
The trial court’s dismissal of Plaintiffs’ claim for sanctions against Ms. Benjamin is affirmed. Costs of this appeal are assessed against Plaintiffs.
AFFIRMED.