# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 06-1060


**MAUREEN GREEN**

**VERSUS**

**IBERIA PARISH SCHOOL BOARD**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 05-69911
HONORABLE LORI A. LANDRY, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**MARC T. AMY
JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Sylvia R. Cooks, Marc T. Amy, and James T. Genovese, Judges.

**AFFIRMED.**

**J. Wayne Landry**
**Assistant District Attorney**
**300 Iberia Street, Suite 200**
**New Iberia, LA   70560-4583**
**(337) 369-4420**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Iberia Parish School Board**

**Maureen Green**
**7739-A Main Highway**
**St. Martinville, LA   70582**
**(337) 364-7945**
**PLAINTIFF/APPELLANT:**
    **Maureen Green, In Proper Person**

AMY, Judge.

The plaintiff, a former employee of the defendant school board, filed suit seeking damages related to what she claims was discrimination and retaliation stemming from her earlier allegations of sexual harassment. The trial court granted the school board's exception of res judicata, due to previous proceedings in federal court, and dismissed the matter. The trial court also granted the school board's request that the plaintiff be enjoined from filing further proceedings related to her discharge from employment. The plaintiff appeals. We affirm.

## Factual and Procedural Background

The record indicates that the plaintiff, Maureen Greene[1], is a former employee of the Iberia Parish School Board (School Board). The School Board terminated Ms. Greene's employment as a cafeteria worker in mid-1997. Thereafter, Ms. Greene pursued litigation against the School Board in federal court due to her allegations of sexual harassment and retaliation. These federal court proceedings were resolved in favor of the School Board.[2]

In a petition filed in the Sixteenth Judicial District in October 2005, Ms. Greene again named the School Board as a defendant and sought damages stemming from what she asserts was "intentional illegal discrimination and retaliation[.]" The School Board responded to the petition with exceptions of no cause of action, res judicata, prescription, venue, lack of personal jurisdiction, and nonconformity of the petition. The School Board also filed a Rule for Protective Order, Injunction and

---

[1] Filings in the record identify the plaintiff's surname as both "Green" and "Greene." Filings also identify the plaintiff by her former married name, "Maureen Vallot." In discussion, we identify the plaintiff as "Maureen Greene" for consistency with her signature on the petition.

[2] *See Maureen Vallot v. Eugene Baudry, Jr.*, No. Civ.A. 97-0897, (W.D. La. 2000)(a dismissal by summary judgment entered in favor of the School Board); *Maureen Vallot v. Eugene Baudry*, No. Civ.A. 6:03cv1754 (W.D. La. 2004) (a dismissal by summary judgment entered in favor of the School Board). These rulings are contained in the record.

Sanctions and asserted that Ms. Greene was in bad faith in pursuing litigation against it. The School Board alleged that this violation of La.Code Civ.P. art. 863(B) entitled it to sanctions, including an injunction prohibiting Ms. Greene from filing further claims against it related to her dismissal from employment.

The trial court heard the matter and granted the exception of res judicata and dismissed Ms. Greene's petition on March 30, 2006. The judgment provides:

> IT IS HEREBY ORDERED ADJUDGED AND DECREED that the School Board's exception of res judicata is hereby maintained and granted and that plaintiff's petition is hereby dismissed with prejudice. Having disposed of the entire proceedings, the Court deems it unnecessary to rule on the other pending motions at this time but if it had been called upon to do so, all of the remaining exceptions would have been granted in favor of the School Board.

The trial court further considered the School Board's rule for a protective order and concluded that Ms. Greene's filing was in bad faith and sanctionable pursuant to La.Code Civ.P. art. 863(D). The trial court prohibited and enjoined Ms. Greene from filing further proceedings against the School Board related to the termination of her employment and instructed the Clerk of Court of the Sixteenth Judicial District not to file any case/claims from the plaintiff against the School Board without the permission of the Chief Judge of the Sixteenth Judicial District Court. The trial court also assessed court costs against Ms. Greene.

Ms. Greene appeals these judgments. Much of Ms. Greene's brief generally revisits the merits of her case rather than specifically assigning errors related to the trial court's judgment. On review, we address those portions of the brief that could be construed as relating to the granting of the exception of res judicata and the determination that sanctions and a protective order were appropriate due to a finding that the filings were in bad faith.

2

**Discussion**

*Res Judicata*

As noted above, the School Board filed an exception of res judicata and alleged that the causes of action advanced in Ms. Greene's petition were the same as those adjudged in federal court in two separate proceedings. The trial court granted the exception of res judicata.

The courts of this state have repeatedly confirmed that federal law is applicable to consideration of whether a federal court judgment has res judicata effect. *See Terrebonne Fuel & Lube, Inc. v. Placid Ref. Co.*, 95-0654 (La. 1/16/96), 666 So.2d 624; *Reeder v. Succession of Palmer*, 623 So.2d 1268 (La.1993); *Bobby and Ray Williams P'ship, L.L.P. v. Shreveport Louisiana Hayride Co., L.L.C.*, 38,866 (La.App. 2 Cir. 9/22/04), 882 So.2d 676, *writ denied*, 04-2636 (La. 12/17/04), 888 So.2d 875; *McCollough v. Dauzat*, 98-1293 (La.App. 3 Cir. 3/3/99), 736 So.2d 914. As explained in *Terrebone Fuel & Lube*, 666 So.2d at 633, federal res judicata law indicates that a judgment bars a subsequent suit if the following requirements are satisfied: "1) both cases involve the same parties; 2) the prior judgment was rendered by a court of competent jurisdiction; 3) the prior decision was a final judgment on the merits; and 4) the same cause of action is at issue in both cases." There are, however, exceptions to the law of res judicata. *Id.* Namely, the law of res judicata may be inapplicable if there is an express reservation of a claim that the defendant acquiesces in or if the court in the first action expressly reserves the plaintiff's right to pursue a subsequent action. *Id.*

We have reviewed the petition in this case in light of the filings contained in the record related to Ms. Greene's federal court suits against the School Board. All

3

of the elements necessary for application of res judicata are satisfied and none of the exceptions are present. Thus, we find no error in the trial court's determination that the federal court judgments, rendered in 2000 and 2004, bar Ms. Greene's present case. In fact, the 2004 federal court judgment granted summary judgment in favor of the School Board due, in part, to the res judicata effect of the 2000 judgment. The remaining ground for the granting of the motion for summary judgment was the expiration of the applicable prescriptive periods, including those applicable to Ms. Greene's state law claims brought in the federal court.

As noted in the federal court's Memorandum Ruling in 2004, the state law claims raised in federal court related to the allegation that the School Board was responsible for Ms. Greene's "bankruptcy, divorce, failed marriage, and lack of credibility." These same charges are reflected in the petition in this case. However, insofar as Ms. Greene may assert that her state law claims now differ, the supreme court has explained that federal law demands that:

> [I]f a set of facts gives rise to a claim based on both state and federal law, and the plaintiff brings the action in federal court which had "pendent" jurisdiction to hear the state cause of action, but the plaintiff fails or refuses to assert his state law claim, res judicata prevents him from subsequently asserting the state claim in a state court action, unless the federal court clearly would not have had jurisdiction to entertain the omitted state claim, or, having jurisdiction, clearly would have declined to exercise it as a matter of discretion.

*Terrebone Fuel & Lube*, 666 So.2d at 633 (quoting *Reeder*, 623 So.2d at 1272-73).[3]

---

[3] *See also* La.R.S. 13:4231, which provides:

Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:

(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.

4

The federal court's ruling in the 2004 judgment reveals no indication that it would have lacked jurisdiction or been unwilling to exercise pendent jurisdiction in considering state law claims. Rather, the federal trial court considered those claims raised and found them untimely.[4]

The appeal of the granting of the exception of res judicata is without merit.

*Injunction and Sanctions*

The trial court determined that the filing of the petition in this case was "in bad faith and having served no useful purpose other than unwarranted harassment" of the School Board. The trial court imposed sanctions in the form of court costs. The trial court further prohibited and enjoined Ms. Greene from filing further proceedings related to her discharge from employment against the School Board and instructed the Clerk of Court for the Sixteenth Judicial District not to file any such claims absent approval of the Chief Judge of the Sixteenth Judicial District Court.[5]

---

(2)    If the judgment is in favor of the defendant, *all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.*

(3)    A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

(Emphasis added.)

[4] The trial court in the present action did not specifically rule on the School Board's exception of prescription due to the granting of the exception of res judicata. However, the judgment contains the trial court's statement that it would have granted the remaining exceptions if called upon to do so. Given the time frame of the events at issue, we find no error in the trial court's observation as it relates to the timeliness of the plaintiff's petition.

[5] The judgment relating to sanctions and the protective order provides:

The above entitled matter having come before this Court on March 27, 2006 as a Rule for Injunction, Protective Order and Sanctions; the Court having previously addressed and granted pending exceptions in favor of the School Board; the Court having considered the intelligence level and competence of the plaintiff's self-representation as a pro-se litigant herein; and having considered the arguments and memorandum of the parties;

5

Louisiana Code of Civil Procedure Article 863 provides, in part:

B.     Pleadings need not be verified or accompanied by affidavit or certificate, except as otherwise provided by law, but the signature of an attorney or party shall constitute a certification by him that he has read the pleading; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact; that it is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

. . . .

D.     If, upon motion of any party or upon its own motion, the court determines that a certification has been made in violation of the provisions of this Article, the court shall impose upon the person who made the certification or the represented party, or both, an appropriate

---

IT IS ORDERED, ADJUDGED AND DECREED that this Court, considering the prior litigation of the issues presented herein on at least two prior occasions in the Federal District Court of Louisiana, finds that the plaintiff's filing of these proceedings to be in bad faith and having served no useful purpose other than the unwarranted harassment of the Iberia Parish School Board; sanctionable, pursuant to La. C.C.P. Art. 863 (D), and, as such;

IT IS ORDERED, ADJUDGED AND DECREED that Maureen Francis Green, a/k/a Maureen Francis Vallot, a/k/a Maureen Vallot Greene is hereby prohibited and enjoined from filing any proceedings whatsoever, against the Iberia Parish School Board relative to her discharge of employment from said School Board under penalty of contempt of this Court;

IT IS ORDERED, ADJUDGED AND DECREED that the Clerk of Court of the 16th Judicial District for the parishes of St. Martin or Iberia and his staff are not to file any case or claims on behalf of Maureen Francis Greene, a/k/a Maureen Francis Vallot, a/k/a Maureen Vallot Greene, against the Iberia Parish School Board without the written authorization of the Chief Judge of the 16th Judicial District Court.  Any filings of the plaintiff must be presented within 2 days of receipt by the Clerk and any authorization so granted shall date back to the date of receipt by the respective Clerk of Court;

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that, in the future, if MAUREEN FRANCIS GREEN, A/K/A MAUREEN FRANCIS VALLOT, A/K/A MAUREEN VALLOT GREENE, ATTEMPTS TO ELUDE OR IN ANY WAY MANIPULATE THIS ORDER, ALL APPROPRIATE ACTION, INCLUDING MONETARY SANCTIONS AND CRIMINAL AND/OR CIVIL CONTEMPT, MAY BE IMPOSED AGAINST HER;

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that in addition to the injunction and protective order issued above, the Court sanctions MAUREEN FRANCIS GREEN, A/K/A MAUREEN FRANCIS VALLOT, A/K/A MAUREEN VALLOT GREENE to payment of all of the costs of these proceedings but denies the School Board's request for the payment of its attorneys fees.

6

sanction which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, including a reasonable attorney's fee.

Appellate review of a trial court's ruling on an Article 863 claim is governed by the manifest error and abuse of discretion standards. *S. Ingenuity, Inc. v. Benjamin*, 02-1426 (La.App. 3 Cir. 4/17/03), 854 So.2d 876, *writ denied*, 03-1396 (La. 9/19/03), 853 So.2d 646. We find neither manifest error nor an abuse of discretion in the trial court's determination that sanctions were appropriate in this case given the number of times the claim has been brought to court.

Neither do we find merit in the assertion that the judgment violates La.Const. art. 1, § 22, which provides that: "All courts shall be open, and every person shall have an adequate remedy by due process of law and justice, administered without denial, partiality, or unreasonable delay, for injury to him in his person, property, reputation, or other rights."

The present judgment is not one that fails to adequately safeguard a litigant's right of access to the courts. *See Rochon v. Roemer*, 93-2444 (La. 1/7/94), 630 So.2d 247 (wherein the supreme court found that an order prohibiting a prisoner's filing of future claims until payment of a fine denied access to the courts as it was unlimited and prohibited the filing of *all* claims), *cert. denied*, 512 U.S. 1224, 114 S.Ct. 2716 (1994). *See also Hawkins v. City of Jennings,* 97-1291 (La.App. 3 Cir. 3/6/98), 709 So.2d 292. Rather, the order is limited in nature as it specifically prohibits the filing of claims against the School Board that are related to Ms. Greene's discharge from employment. The present claim has been raised repeatedly and, thus, Ms. Greene has been afforded "an adequate remedy by due process of law" on these claims as provided for by La.Const. art. 1, § 22. Furthermore, the order is tailored to ensure

7

Ms. Greene's access to the courts for *other* claims as it requires that the Chief Judge review any claims by her against the School Board to verify whether they are subject to the protective order.

For these reasons, the appeal of the judgment imposing sanctions under La.Code Civ.P. art. 863(D) is affirmed.

## DECREE

For these reasons, the judgments of the trial court are affirmed. All costs of these proceedings are assigned to the appellant, Maureen Greene.

**AFFIRMED.**