STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

08-737

DAN S. COLLINS, CPL & ASSOCIATES, INC.

VERSUS

FRANK A. GODCHAUX, III, INDIVIDUALLY AND AS TRUSTEE FOR THE
CHARLES R. GODCHAUX LIVE OAK PLANTATION TRUST, AGNES K.
GODCHAUX AS TRUSTEE FOR CHARLES R. GODCHAUX LIVE OAK
PLANTATION TRUST, CHARLES R. GODCHAUX INDIVIDUALLY AND
AS TRUSTEE FOR THE FRANK A. GODCHAUX, III, LIVE OAK
PLANTATION TRUST AND LESLIE K. GODCHAUX AS TRUSTEE FOR
THE FRANK A. GODCHAUX , III, LIVE OAK PLANTATION TRUST

**********
APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NO. 84618
HONORABLE JULES EDWARDS, DISTRICT JUDGE

**********

J. DAVID PAINTER
JUDGE

**********

Court composed of John D. Saunders, Billy Howard Ezell, and  J. David Painter,
Judges.

AFFIRMED.

Anthony Fontana, Jr.
210 Washington St.
Abbeville, LA 70510
Counsel for Plaintiff-Appellant:
    Dan S. Collins, CPL & Associates, Inc.

Newman Trowbridge, Jr.
P.O. Box 3644
Lafayette, LA 70502
**Counsel for Defendants-Appellees**
>Frank A. Godchaux, III, Individually and as Trustee for the Charles R. Godchaux Live Oak Plantation Trust, Agnes K. Godchaux as Trustee for Charles R. Godchaux Live Oak Plantation Trust, Charles R. Godchaux Individually and as Trustee for the Frank A. Godchaux, III, Live Oak Plantation Trust and Leslie K. Godchaux as Trustee for the Frank A. Godchaux, III, Live Oak Plantation Trust

PAINTER, Judge.

Plaintiff, Dan S. Collins, CPL & Associates, Inc. (Collins & Associates), appeals the trial court's award of sanctions and costs against it. For the following reasons, we affirm.

**FACTS**

In 1994, Dan Collins, individually, entered into a mineral consulting agreement with Defendants, Frank A. Godchaux, III, Individually and as Trustee for the Charles R. Godchaux Live Oak Plantation Trust, Agnes K. Godchaux as Trustee for Charles R. Godchaux Live Oak Plantation Trust, Charles R. Godchaux, Individually and as Trustee for the Frank A. Godchaux, III, Live Oak Plantation Trust and Leslie K. Godchaux as Trustee for the Frank A. Godchaux, III, Live Oak Plantation Trust (the Godchauxs). In 1996, the agreement was renewed, and in 2002, Collins' company, Collins & Associates and the Godchauxs entered into a similar mineral consulting agreement. In 2004, the Godchaux executed a settlement with Cody Energy, LLC, Newfield Exploration Company, Union Oil Company of California, Dunhill Exploration and Production, LLC, KMC Energy, LLC, Bay Holdings, LLC, and Key Production Company. Pursuant to the settlement, the Godchauxs entered into new oil and gas leases and an amendment to a lease from 1952. The settlement agreement and leases were drafted by the Godchauxs' attorney, Newman Trowbridge, Jr. With regard to the new leases, he also drafted assignments of royalties to Collins & Associates. On February 21, 2006, Collins & Associates filed this suit alleging breach of the consulting agreement when the Godchauxs refused to assign it a royalty interest in the 1952 lease. The Godchauxs responded by filing exceptions, affirmative

1

defenses, a reconventional demand, and a third party demand against Collins individually.

In July 2006, counsel for Collins and Collins & Associates sent a letter to Trowbridge accusing him of a conflict of interest and trying to cheat Collins out of royalty interests. Counsel for Collins attempted to convince Trowbridge to withdraw from representation of the Godchauxs and threatened to file a complaint with the disciplinary counsel or to file a motion to have him removed by the trial court. On August 11, 2006, Collins & Associates filed a Rule to Show Cause Why Defendants' Attorney Should Not Be Required to Withdraw or Be Ordered to Be Deposed. A hearing on this was originally set for November 6, 2006, but was reset to December 17, 2007, at Plaintiff's request. Shortly thereafter, Collins & Associates filed a First Supplemental and Amending Petition. In September 2007, the Godchauxs propounded interrogatories, requests for admissions, and requests for production of documents directed at the motion to withdraw. In response, Collins & Associates identified more than nine hundred documents and things it expected to offer as evidence at the hearing on the motion to withdraw.

In October 2007, Defendants filed exceptions to the supplemental and amending petition, a motion to vacate the order giving leave to file the supplementary petition, and a motion to strike the allegations contained therein and for sanctions. Defendants asserted that the supplemental and amending petition did not comply with the procedural requirements of La.Code. Civ.P. art 1151 in that it was not filed before an answer to the original petition and that Plaintiff did not obtain the written consent of Defendants to the filing. They argued that they were entitled to sanctions in that the allegations of the pleading were legally insupportable and that it was interposed

2

for the purpose of bolstering Plaintiff's attempt to disqualify Defendants' attorney. On October 19, 2007, Defendants noticed the deposition of Collins and the corporate deposition of Collins & Associates. In November 2007, Collins & Associates filed a memorandum in support of its motion to disqualify or to depose Defendants' attorney. At the same time, Plaintiff moved to vacate the order allowing it to file its first supplemental and amending petition and for a hearing on a rule to show cause why the first supplemental and amending petition should not be filed. Defendants filed a memorandum in opposition to Plaintiff's motion to disqualify or depose Defendants' attorney.

On December 10, 2007, Defendants moved to quash a subpoena for the attendance of Defendants at the hearing on the motion to disqualify or depose Defendants's attorney. Three days later, Plaintiff moved to withdraw its rule to disqualify or depose Defendants' attorney. Defendants supplemented their motion for sanctions to include arguments that the motion to disqualify or depose Defendant's attorney and the issuance of subpoenas for Defendants were without basis in law and were interposed for purposes of delay and to inflate the cost of litigation for Defendants.

On the day of the hearing of the motions to file the supplemental and amended petition and of the motion for sanctions, Plaintiff presented a different First Supplemental and Amended Petition that it wanted to have filed in place of the identically named document previously filed.

The trial court, after hearing arguments, allowed the first supplemental and amended petition presented that day to be filed and granted the motion to strike the previously filed document of the same name. The court further granted the motion

3

for sanctions in connection with the motion to disqualify or depose Defendants' attorney. Plaintiff appeals.

## DISCUSSION

*Sanctions*

Louisiana Code of Civil Procedure article 863 provides that:

>  A. Every pleading of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. A party who is not represented by an attorney shall sign his pleading and state his address.

> B. Pleadings need not be verified or accompanied by affidavit or certificate, except as otherwise provided by law, but the signature of an attorney or party shall constitute a certification by him that he has read the pleading; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact; that it is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

> C. If a pleading is not signed, it shall be stricken unless promptly signed after the omission is called to the attention of the pleader.

> D. If, upon motion of any party or upon its own motion, the court determines that a certification has been made in violation of the provisions of this Article, the court shall impose upon the person who made the certification or the represented party, or both, an appropriate sanction which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, including a reasonable attorney's fee.

> E. A sanction authorized in Paragraph D shall be imposed only after a hearing at which any party or his counsel may present any evidence or argument relevant to the issue of imposition of the sanction.

> F. A sanction authorized in Paragraph D shall not be imposed with respect to an original petition which is filed within sixty days of an applicable prescriptive date and then voluntarily dismissed within ninety days after its filing or on the date of a hearing on the pleading, whichever is earlier.

4

This court has held that the standard of appellate review applicable to a trial court's ruling on an Article 863 claim is manifest error or abuse of discretion. *Green v. Iberia Parish Sch. Bd.*, 06-1060 (La.App. 3 Cir. 12/20/06), 945 So.2d 940, *writ denied*, 07-111 (La. 3/16/07), 952 So.2d 697.

At the hearing Collins testified in direct examination that he thought that Trowbridge was the only person that had relevant testimony to offer the court as to the facts relied on in determining what royalty he, Collins, would have received. However, on cross-examination he admitted that he remembered testifying in deposition that Trowbridge had no information not available to himself or to Defendants. He further stated that he was not aware of any additional information with respect to the documents that was not available either though his own testimony or that of Defendants, which might have come to his attention since the deposition. In answer to questioning by the trial court, he stated that he did not think that he had any information on the date he decided to withdraw the motion to disqualify or depose Trowbridge that he did not have prior to the filing of the motion.

The trial court gave the following reasons for its decision that sanctions were appropriate:

> A couple of - - several bits of - - several items of documentary evidence and two witnesses that testified today, and that information was considered in order for me to make this determination. And of those items, the testimony of the plaintiff - - a few items were particularly important for me for resolution of this case; the first being the testimony of the plaintiff that there was no information that Mr. Trowbridge possessed that was not also possessed by the plaintiffs and the defense. That was very persuasive.

> Secondly, there has been - - despite the often pronounced conviction of Mr. Fontana that Newman Trowbridge was the only person to possess certain information, there has been no attempt to seek that information from folks who would have a reasonable chance of also possessing that information, particularly the defendants in the case. It

is true that the plaintiff was deposed for the purpose of preparing for these hearings that were set for today, but the defendants were not deposed.

Also, the documents that were particularly interesting to me and significant to me were Defense Exhibits 16 and 17; Defense Exhibit 16 being a 13 July 2006, 2006 letter from Mr. Fontana to Mr. Trowbridge, and then a 21 July 2006 letter from Mr. Trowbridge to Mr. Fontana.

There's been lots of effort taken to encourage Mr. Trowbridge to cease his representation of the defendants in this case. And I can understand how that might be a goal of the plaintiff, and I can also understand how Mr. Fontana could become so impressed with the justice of his client's cause that he may not have been able to see the forest for the trees.

But nonetheless, the filing of this rule to show cause, as well as the filing of the supplemental and amending petition that was filed on the 23rd of August, despite the repeated, clear comments of Mr. Trowbridge about the legal obligations that are described in - - the legal requirements described in Code of Civil Procedure, the Code of Evidence as to what needs to be - - how a lawyer can be removed from a case in this kind of circumstance, for Mr. Fontana to move forward in the way that he did without developing the evidence needed to support his conviction before filing these pleadings, I mean, that's just unacceptable.

One would  - - it is - - I am unable to determine whether the purpose of this action was to harass the defendants, but it seems fairly clear that the purpose was to deprive the defendants of the counsel of their choice; and one could conclude, there is enough evidence to conclude that the purpose was to drive up the litigation costs for the defendants. But both of those purposes are improper purposes, and I can think of no reason why those pleadings would have - - why there was any requirement to file those pleadings prior to the discovery of evidence that would support those allegations.

To say that this was - - these were valid pleadings and it was a tactical decision to withdraw, step away from that approach to the case, because it is, in fact, true because I say it's true that Trowbridge is the only person who has this information and if we don't discover the information, that means the defendants will not be able to prove their claims, that tactical decision  - - if we are to characterize it as a tactical decision - - is on that could have been made prior to the filing of these pleadings. All of this discovery that has occurred in this case could have occurred without these pleadings being filed. However, the fact of the filing of these pleadings has dramatically increased the cost of this litigation.

Given the testimony adduced at the hearing on the motions, we find neither abuse of discretion nor manifest error in the trial court's decision to impose sanctions on Plaintiff.

*Motion to Vacate and/or to Strike*

Plaintiff asserts that the trial court committed reversible error in holding a hearing on the motions to vacate the order allowing him to file a supplemental and amending petition and to strike that supplemental and amending petition where it had already been withdrawn. We note that the outcome of the hearing on the supplemental and amending petition was to allow Plaintiff to file its substitute supplemental and amending petition. Since Plaintiff incurred no harm, we are unable to grant any relief.

## CONCLUSION

For these reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to Plaintiff-Appellant, Dan S. Collins, CPL & Associates, Inc.

**AFFIRMED.**

7